JUDGE ROBERTSON
delivered the opinion of the court:
Thompson Conrad, who died at his home in Harrison county, Kentucky, in May, 1863, bequeathed to his daugh *583 ter, Mrs. Eliza Dunn, whose husband was then living, one thousand dollars, to be paid by his executor “ in five years.” Pressed by impending insolvency, the husband, anticipating a portion of that legacy to his wife, drew from the executor four hundred dollars of it in December, 1803;. and afterwards, the executor refusing then to advance more of it to him, he sold and assigned the residual six hundred dollars, by two successive assignments of three hundred dollars each, to the appellee, Reuben Lancaster, and procured his wife’s signature to each assignment. Shortly after the last assignment, and before the legacy was either paid or demandable, the husband died, leaving his surviving wife and three children in a helpless condition of destitution.
In Februarj'-, 1868, the bereaved widow, now' appellant, brought this suit in equity, claiming for herself and children the unpaid legacy, and enjoining its payment to the appellee, Lancaster; and the circuit court having dismissed her petition, she appeals to this court for relief.
The husband’s right to his wife’s choses in action accruing to her during coverture, was contingent and merely potential. If not reduced to possession during his life, they survived to the wife sua jure. Iiis assignment of them was not, per se, a reduction of them to his possession.
It has long been settled, that in cases of an express assignment by the husband for the benefit of his general creditors, or of a merely legal assignment, as in bankruptcy, the assignees hold, as he did, subject to the wife’s contingent right of survivorship, or to an equitable settlement, if not .reduced to possession before his death. (Sec. 1411 of Story’s Eq. Jur., and the numerous authorities thereto subjoined.)
*584 It was, for some time, doubted whether an individual assignee stands in the same category, but it now seems that he does, on the score of both principle and authority. (Sec. 1412, Story’s Eq. Jur.; Perdew vs. Jackson, 1 Russell, 63-4; Bruce vs. Dennison, 6 Ves., 394; Roper on Husband aud Wife, pages 509 to 522, addenda No. 3; Pierce vs. Thornly, 2 Sim. R., 167; Ellison vs. Elwyn, 13 Sim., 309; Horner vs. Morton, 3 Russell’s R., 65.) And the same doctrine has been recognized by this court in Hord vs. Hord, &c. (5 B. Mon., 84-5), and Lynn vs. Bradley, &c. (1 Met., 234).
The case of Wright, &c., vs. Arnold, &c. (14 B. Mon., 642), also confirms this latter doctrine. But that case discriminates between the choses in action of the wife, capable of immediate possession, and such as are reversionary or suspended by some limitation, and to the immediate possession of which, therefore, the wife or her husband has no title. How far that distinction is maintainable on principle and authority in all cases, we need not consider, because, however it may be applicable, that case is an authority for the wife’s right as survivor in this case. In that case, however, the husband’s assignee had Sold to the executor, who thereby obtained the possession, and the husband also still survived; and beyond, or independently of those essential facts, the dictum, as a universal proposition, was an obiter suggestion, which might be consistently restricted by the authorities on different facts.
Nor is that case a sufficient authority for the assumption in this, that the apparent co-operation of the appellant with her husband in making the assignments, or obtaining, and, in some small measure, enjoying the proceeds, should operate as an estoppel against her asserted *585 equity. She was evidently reluctant, and did not act with perfect freedom of will.
The legacy to the appellant in the hands of the executor was a suspended chose in action, and her coverture protects her from any legal obligation resulting from her signatures to the assignments to the appellee. (Section 1413 of Story’s Equity Jurisprudence; Hord vs. Hord, &c., supra, p. 85, and the cases therein cited.) But the legacy, when assigned, was not demandable, and therefore neither was, nor could have been, reduced to possession by the appellee, but is still a chose in action in the hands of the executor ; and, in such a case, the authorities, without diversity, clearly show that the assignment was subject to the contingency of reduction of the legacy to possession in the husband’s lifetime; and that, as it was never so reduced, it survives to the appellant: And the fact that her ostensible concurrence in the last assignment, and also not improbably in the first, was not spontaneous, but coercive, presents her claim in an unexceptionable light as to its morale and intrinsic justice.
The appellant, therefore, appears to be entitled to the legacy, not only as a proper settlement, but in her own right as survivor.
On the law and the facts the appellee stands where the appellant’s husband.would have stood had he made no assignment of the unpaid legacy; and as the husband did not reduce it to his possession, it would have survived to his surviving wife.
The assignee took the assignor’s right, and acquired no more. That right was contingent, and dependent on the reduction of the legacy to possession. There was, no such reduction, nor could have been, unless the ex-' ecutor had acticipated the time of payment prescribed by the testator, which he rightly refused to do.
*586 In procuring' the assignments, the appellee risked all contingencies; and, as he cannot get the legacy, he must look for indemnity, as sought by his cross-petition, against his assignor’s heirs.
. Wherefore, the judgment is reversed, and the cause remanded, with instructions to render a judgment in the appellant’s favor for her legacy .now in the executor’s hands. •