┌ 84  283
  118  790

CASE 41—PETITION EQUITY—SEPTEMBER 28.

# Trabue, &c., v. Conners.

### APPEAL FROM BOURBON CIRCUIT COURT.

IN AN ACTION TO SUBJECT THE REAL ESTATE OF A DEFENDANT CON-STRUCTIVELY SERVED, the levy of an attachment is not necessary to give the court jurisdiction to sell the property, if a lien exists by contract, by statute, by the nature of the action or in equity. Therefore, in an action upon a return of no property, an attachment is not necessary to create a lien if the property sought to be subjected is specifically described in the petition, as a lien is thereby created.

EMMETT M. DICKSON FOR APPELLANTS.

1. The court had no jurisdiction to sell the land of the non-resident defendant, as no lien was asserted by the plaintiff, and no attachment was levied upon the property. (Civil Code, sections 418 and 441; Grigsby, &c., v. Barr. &c., 14 Bush, 331-339; Brownfield v. Dyer, 7 Bush, 507; Peters, Guardian, v. Conway, 4 Bush, 565.)

2. The court had no power, at a subsequent term, to modify the judgment of sale rendered at the January term, 1884, of the court, except by petition or on motion as provided by the Civil Code. (Civil Code, sections 519, 520 and 523; Kelly v. Keizer, 3 Mar., 268; Snodgrass v. Adams, 7 J. J. Mar., 165; Anderson v. Anderson, 18 B. M., 98; Hocker v. Gentry, 3 Met., 469; Willis v. Valette, 4 Met., 196.)

3. As the interest of the defendant in the land was merely the right to the annual rents and profits for his annual use, the court had no right to order a sale of his undivided interest in the land, but should have applied the annual rents and profits to the satisfaction of plaintiff's debt.

4. It being suggested that the defendant was of unsound mind, was it not the duty of the court to appoint some one to represent him as committee, or in some way protect him?

CUNNINGHAM & TURNEY FOR APPELLEE.

Whenever the beneficial use and profits of an estate are given to a per
son, the estate can be subjected to pay the debts of that person.
(Gen. Stats., chap. 63, art. 1, sec. 21; 12 Bush, 347.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, John Conners, instituted an action in
equity in the Bourbon Circuit Court against John
Trabue and the appellants, for the purpose of en-
forcing the satisfaction of a judgment rendered in his
favor against John Trabue, in the Bourbon Circuit
Court, for the sum of $116.30 and $8.70 costs, upon
which judgment execution issued, and was directed
to the sheriff of Bourbon county, the county of John
Trabue's residence, who returned it "no property
found," etc.

The property sought to be subjected to the satis-
faction of said judgment is specifically described as
one-fifth interest in a tract of land owned by John
Trabue jointly with his sister, appellants owning the
other interest therein, and subject to the dower inter-
est of appellant, Lucy D. Trabue.

Summons was served on all of the appellants to
answer said action except John Trabue, which was
as to him returned not found.

Afterwards, he was proceeded against as a non-
resident by constructive service, but no attachment
was obtained.

The lower court rendered judgment subjecting his
one-fifth interest in said property to sale for the sat-
isfaction of said judgment debt. From that judg-
ment appellants have appealed to this court.

The attorney for the appellants contends that as
there was no attachment sued out and levied upon

the property of John Trabue, and as he was before the court alone by constructive service, the lower court had no jurisdiction to decree a sale of his property to satisfy said judgment.

A reference to the provisions of the Civil Code and the decisions thereunder will readily show the error into which the attorney has fallen.

Section 194 of the Civil Code provides that "the plaintiff may, at or after the commencement of an action, have an attachment against the property of the defendant, * * * as a security for the satisfaction of such judgment as may be recovered."

Section 418 : "No lien on the property of a defendant constructively summoned shall be created otherwise than by attachment, as is provided in chapter 3 of title 8, or by judgment," etc.

Section 419 : "No personal judgment shall be rendered against a defendant constructively summoned, * * * * * and who has not appeared in the action."

This court, in the case of Grigsby, &c., v. Barr, &c., 14 Bush, 330, in construing the two sections of the old Code, which were similar to sections 418 and 419 *supra*, decided that when a statute provided a method by which the property of a non-resident might be reached, that method must be followed to the exclusion of any other not clearly pointed out.

Therefore, the Code having provided a method for subjecting the property of a non-resident defendant to the payment of any judgment that might be rendered against him, his property could not be subjected when there was no actual service of summons,

and no appearance or no attachment or lien existing
upon the property.

·This court in that case, and others incidentally in-
volving the same question, simply hold that in the
class of actions mentioned in section 192 of the Code
to obtain a judgment for money against a defendant
constructively summoned, no judgment can be ren-
dered subjecting his property to the satisfaction of
such judgment, unless the property so sought to be
subjected has been attached in the action as provided
in the Code of Practice, so as to create a lien thereon,
whereby the court can alone acquire jurisdiction of
the subject-matter of the action, and in that way reach
the non-resident defendant constructively summoned
to answer in that class of actions.

The reason of the law, as thus ruled in that class of
actions, is plain.   In them, the defendant being merely
constructively summoned, the court has no jurisdiction
of him *in personam*—no personal judgment can be
rendered against him.    Therefore, in order that the
court may reach him through his property, it must
have jurisdiction of his property.   It must be brought
before the court, that the court may take hold of it,
which can only be done by the assertion of a lien on
which the court may act.   If the lien does not exist on
the property in behalf of the plaintiff, by contract,
statute, or equitable lien, then, in order to give
the court jurisdiction, the lien must be created by
attachment as provided by section 418 of the Code,
which is the only way that the court, in that class of
actions, can create a lien on his property, so as to
acquire jurisdiction to subject it to the satisfaction
of any judgment rendered in the action.

We still adhere to the construction given to the provisions of the sections of the Code above quoted, as applied to that class of actions. But the case at bar does not come within that class.

Here, the action was brought under chapter 4, title 10, of the Civil Code of Practice, section 439 of which provides, in substance, that after an execution of *fieri facias* has been returned by the proper officer, in substance no property found, the plaintiff in the execution may institute an equitable action for the discovery of any money, chose in action, or other property, whether legal or equitable, which the defendant may own or have an interest in, and for subjecting the same to the satisfaction of the judgment.

Section 441 provides that the "plaintiff in the execution may have an attachment against the property of the defendant similar to the general attachments provided for in chapter 3, title 8, without either the affidavit or bond therein required."

Section 442 provides that "a lien shall be created on the property of the defendant by the levy of the attachment, or by the service of the summons, with the object of the action indorsed thereon," etc.

In the class of actions coming under this chapter of the Code a lien may be acquired on the defendant's property, of whatever kind, in manner as follows:

1st. If the property sought to be subjected is specifically described in the petition, then no attachment levy is necessary to give a lien on the property of the defendant. The lien in such a case is independent of the Code.

It is an auxiliary action in the nature of a discovery in aid of a judgment which had been recovered in an action between the same parties, and shown not to be satisfied by a return of "*nulla bona*," and plaintiff, if the property discovered is specifically described in the action, has a lien upon it for the satisfaction of the judgment. Therefore, in such a case no attachment levy is necessary to create a lien on the property. It is true, in such a case, the plaintiff, under the Code, may have an attachment also against the property of the defendant, but it is not necessary to create a lien.

If, however, the petition does not specifically describe the property, but seeks to discover unknown or unspecified property, then no lien is created by the action, and the plaintiff would have to obtain and levy an attachment on the property that might be discovered in order to create a lien upon it. (See Ward's Adm'rs v. Robinson, &c., 1 Bush, 295 ; Murphy, &c., v. Cochran's Trustee, 80 Ky., 240.) So the distinction between the first class of cases mentioned and this class is plain. In the first class, if no lien exists upon the property by contract, statute or in equity, nor by the nature of the action, a lien can, therefore, be created on the property of the defendant constructively summoned only by the levy of an attachment. In the other class, where the property is specifically described in the petition, a lien is thereby created upon it, and the court, therefore, has jurisdiction of it, and may apply it to the payment of the non-resident's debt.

It would hardly be contended that in an action to enforce a lien upon land for the purchase money, or

to foreclose a mortgage lien, or to enforce any statutory lien against the property of a non-resident defendant constructively summoned, a levy of an attachment upon the property would be necessary to give the court jurisdiction.

Every one would agree that as there was an enforceable lien upon the property, which would give the court jurisdiction of it in an action against the defendant constructively summoned, it would be wholly unnecessary to create another lien by the levy of an attachment in order to give the court jurisdiction, when it already had it.

As the petition created a lien upon the property of the defendant which gave the court jurisdiction, we think it was not necessary to levy an attachment upon the property.

We think, also, the court below did right in sustaining the demurrer to appellee's answer.

We also think the court did not err in refusing to order the interest of John Trabue in said tract of land set apart before the sale of it.

Wherefore the judgment of the lower court is affirmed.