CASE 102—ACTION BY COMMONWEALTH AGAINST W. K. VANDERBILT, AND OTHERS, TO LIST OMITTED PROPERTY FOR TAXATION.—OCTOBER 18.

# Commonwealth v. Vanderbilt, &c.

APPEAL FROM MASON CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

TAXATION—NONRESIDENT — ACTIONS — JURISDICTION — ATTACHMENT —PLEADING—JUDGMENT.

1. Under Civ. Code Prac., sec. 126, providing that every material allegation of a pleading must be taken as true, unless specially traversed, except allegations against defendants constructively summoned who have not appeared, where an answer of certain corporations, the stock of which was sought to be taxed on the ground that they had failed to list and pay taxes on their corporate property, denied that they had either failed to list or pay such taxes, no judgment could be entered for plaintiff on the pleadings.

2. Under Code Civ. Prac., sec. 419, providing that no personal judgment shall be rendered against a defendant constructively summoned, in the absence of an attachment rendered against the property of a nonresident so summoned, no judgment could be rendered against him in an action to tax stock alleged to be owned by him in corporations doing business within the State.

ALLEN D. COLE, ATTORNEY FOR APPELLANT.

1. We maintain that when the persons connected with two foreign corporations filed a copy of the charter with the Secretary of State, they made application in short form, to be clothed with corporate power and to be made a new corporation, and that this charter constituted their application for incorporation; therefore the capital stock therein mentioned constitutes the capital stock of this new Kentucky corporation.

2. To require stockholders in corporations organized under the laws of this State to bear their share of the burden of taxation and to exempt stockholders of foreign corporations doing business in this State would be discriminating against domestic corporations.

3. Section 194, of the Constitution, and sec. 571, Ky. Statutes. enacted to enforce it, intended to fix the situs of the stock of such corporations in this State so as to put them on an equal footing with the domestic corporations.

E. L. WORTHINGTON AND W. H. WADSWORTH, ATTORNEYS FOR C. & O. RAILWAY CO.

Appellant has no grounds to complain of the judgment of the Mason circuit court for two reasons:

1. When he submitted the cause for judgment, there were no defendants before the court; nobody had been summoned to answer the appeal, not even the C. & O. Railway Co., and under sec. 4241, Ky. Statutes, no judgment can be rendered upon a warning order.

2. The only appeal allowed from a judgment of a county court in proceedings under sec. 4241, Ky. St. is an appeal from so much of that court's order as decides that the property described in the statement is or not liable to assessment. Com. v. C. & O. Ry. Co., 25 Ky., L. Rep., 1126.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The auditor's agent for Mason county instituted this proceeding in the court of that county under section 4241, of the Kentucky Statutes, authorizing him to list omitted property. The proceeding was commenced by filing in the court a statement and amendments thereto alleging that appellees were the owners of the stock of three railroad corporations, to-wit, a corporation created by the laws of Virginia, a corporation created by the laws of West Virginia, and one created by the laws of the State of Kentucky, and alleged that all these corporations had organized and were doing business in the State of Kentucky, and became and were jointly and severally possessed of and owned a line of railway beginning at Covington, Ky., thence along the Ohio river through Mason county to Ashland, Ky., and thence through the State of West Virginia to Newport News, in the State of Virginia; that each of these corporations had been since 1893, and prior thereto, exercising a franchise continuously within

this Commonwealth, and had failed to report to the Railroad Commission, or the Board of Valuation and Assessment, or to any one, the value of their franchises for taxation, and the same had been wholly omitted by the Board of Valuation and Assessment, Railroad Commission, and every other officer whose duty it was to assess such property, nor had any taxes been paid to the Commonwealth by any of these corporations on their franchises, and the same were worth each year since at least $20,000,000. Appellant also stated that appellees Vanderbilt are residents of the State of New York, and owned during the time mentioned at least 700,000 shares of stock in these corporations, worth $100 per share, and that, by reason of the failure of these corporations to pay the taxes due the Commonwealth, the stock of the appellees Vanderbilt are by virtue of sections 4085, 4088, Kentucky Statutes, not exempt from taxation, and that the appellees were liable to pay taxes to the Commonwealth on their stock from the year 1892 up to and including the year 1901. Appellant, by proper procedure, caused a warning order to be made, and an attorney to be appointed to defend for appellees, as nonresidents, and afterwards filed an amended statement alleging that appellees had no agent or attorney in that county upon whom process might be served, but that the Chesapeake & Ohio Railway Company was in the possession of the stock of the appellees, and asked that this corporation be summoned and required to answer. This corporation answered, and denied that it held or controlled any stock, of any amount, kind, or character, belonging to the appellees, the Vanderbilts, and also denied that the corporations referred to had failed to list their property or franchises for taxation in the State of Kentucky, and denied that they, or any of them, had failed for any time to pay the taxes due to the Commonwealth on

their property or franchises. On this state of facts, without any proof, the case was submitted to the lower court for judgment, and the court dismissed appellant's proceeding.

Appellant concedes that it had no right to tax the stock of appellees in the corporations named, unless the corporations failed to list and pay the taxes on the corporate property, including franchises. In the statement it was alleged that the corporations failed to pay these taxes. The appellees were only constructively summoned, and had not entered their appearance to the proceedings, and no proof was introduced by appellant showing that these corporations had failed to pay the taxes. Section 126 of the Code provides that every material allegation of a pleading must, for the purpose of the action, be taken as true, unless specially traversed, except allegations against defendants constructively summoned who have not appeared in the action. Under the state of pleading and this section of the Code, we are unable to see how the lower court could have done otherwise than dismiss the proceedings.

Again, under section 419 of the Code of Civil Practice, it is provided that no personal judgment shall be rendered against a defendant constructively summoned, and the record does not show that any lien was created upon the property of appellees by attachment or otherwise; and, under these circumstances, the lower court did not have jurisdiction to render a judgment against appellees, or make any order affecting their interest in any way. An attachment is necessary to give the court jurisdiction in an action against a defendant constructively summoned, unless a lien is asserted. See Grigsby v. Barr, 14 Bush, 330; Dunn v. Lancaster, 4 Bush, 585, 96 Am. Dec., 317; and Trabue v. Conners, 84 Ky., 283, 8 R., 288, 1 S. W., 470.

Vol. 118]    SEPTEMBER TERM, 1904.    791

Commonwealth v. Licking Valley Bldg. Ass'n., No. 3.

For these reasons, we are of the opinion that the lower court was correct in dismissing appellant's statement or proceedings and the judgment is therefore affirmed.