## Bogie v. Nelson.

(Decided April 29, 1913.)

### Appeal from Fayette Circuit Court.

Homestead—Widow Entitled to Until Dower Assigned—When Child Not Entitled to.—Until dower is assigned to the widow, if she continues in possession of the home, in this case a small town lot, she is entitled to a homestead; but one of her children living with her is not entitled to a homestead in the property although owning an undivided interest in remainder.

R. S. CRAWFORD for appellant.

T. T. FORMAN & FORMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Maria Monroe, her son, C. C. Monroe, and her daughter, Matilda Bogie, executed a note for $600 to Amanda V. Nelson, and a mortgage to secure it on a house and lot in Lexington, Kentucky. Amanda V. Nelson brought this suit to recover on the note and to enforce the mortgage. On a trial of the case she recovered a judgment against all three of the defendants on the note; also a judgment enforcing the mortgage as to Maria Monroe, and C. C. Monroe; but the mortgage was held invalid as to Matilda Bogie, she being a married woman and her husband not having joined in it. On appeal from that judgment it was affirmed. (See Bogie v. Nelson, 151 Ky., 443). The plaintiff took out an execution on the judgment against Matilda Bogie, and had it levied upon her interest in the house and lot. The property was sold under the execution, and having brought more than two thirds of its appraised value, the sheriff made the purchaser a deed. A motion having been entered for a writ of possession for the property, Matilda Bogie set up the defense that the property was exempt to her as a homestead. The court held the property not exempt as a homestead and awarded the writ of possession. She appeals.

The lot has a frontage of twenty-five feet, and runs back one hundred feet. It was owned at his death by Thomas Monroe who died about the year 1890. At his death the property which was the home of the family, descended to his two children, C. C. Monroe, and Matilda

Bogie, subject to the rights of their mother, Maria Monroe, his widow. Since the death of the father, the mother and daughter have continued to live in the property. Dower was never assigned to the widow, and she was never called upon to elect whether she would take dower or homestead. As shown by the valuation in the record, the whole property was worth less than $1,000. Section 2138 Ky. Stats. provides:

"The wife shall be entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, and she shall hold the mansion-house, yard, garden, the stable and lot in which it stands, and an orchard, if there is one adjoining any of the premises aforesaid, without charge therefor, until dower is assigned her."

As dower had not been assigned to the widow, Maria Monroe, she was entitled to hold the whole property as widow. Neither C. C. Monroe nor Matilda Bogie had any right to possession of any part of it. The right of possession was in the mother, and while she was entitled to a homestead in the property as against her debts, there could not be two homesteads. In Merrifield v. Merrifield, 82 Ky., 534, it was held that the remainderman was not entitled to a homestead in the property held by the life tenant, and this ruling is in accord with the authorities elsewhere. In addition to this the property being of less value than $1,000, Maria Monroe, as widow, had a homestead in the whole of it. The circuit court therefore properly held that Matilda Bogie was not entitled to a homestead in the property.

Judgment affirmed.