## Clay City Nat. Bank v. Bush et al.

Nov. 10, 1939.

Beverly White for appellant.

Williams & Allen, Leebern Allen and C. E. Lindon for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, the Clay City National Bank, filed this action alleging that it had previously secured a judgment against the appellees, W. B. Bush and Sarah L. Bush, his wife, and another judgment individually against W. B. Bush; that a balance of $278.25 together with $21.50 costs was due on the joint judgment from Sarah L. Bush and a balance of $1,423.04 was due on the judgment against W. B. Bush; that executions had been issued on these judgments and returned "no property found."

It was alleged that the defendants, Bush and wife, were the equitable owners of a certain tract of land described in the petition and that defendant, Farmers and Traders Bank, held the legal title thereto for the purpose of securing a small balance owing the bank. (It later turned out to be $27.) A lien was asserted on the land described and a sale thereof sought for the payment of appellant's debt, subject to the lien of defendant bank for the small balance due it.

Bush and wife answered denying any balance due on the judgments and it was pleaded by Mrs. Bush that she had paid the judgment against her in full, but that the bank had misapplied payments made by her by making application thereof on the judgment against her husband. It was not alleged when or how she made the payments nor was it specified with any particularity whatever in what manner the bank made misapplication and, although the answer was clearly deficient as a pleading, the trial court overruled appellant's motion to require her to make the pleading more specific and definite.

Stella Lindon, administratrix of J. C. Lindon, filed an intervening petition asserting a lien on the land amounting to something over $900 for money which she alleged that her decedent had furnished Bush and wife to pay off a mortgage on the land held by one Roszel (at some previous time not stated). She alleged that her decedent had an oral agreement with Bush and wife at the time of such payment that he should be subrogated to Roszel's mortgage lien. This pleading was insufficient as there was no averment as to when the mortgage to Roszel was executed and there was a lack of allegation of other essentials to constitute a lien even as between Roszel and the Bushes in view of the manner, disclosed by the evidence, in which the bank held title to the land.

Proof was introduced in behalf of the appellant showing the balances due on the judgments sued on substantially as alleged and no proof was taken in behalf of Mrs. Bush showing any other payments than those admitted by the bank. However, during the cross-examination of the bank officer, counsel for Mrs. Bush attempted to show that the bank had applied $150 of the money paid by Mrs. Bush on the judgment against her to the satisfaction of a note of $150 of Bush to the Bank

on which Mrs. Bush was surety, the claim being made that as Mrs. Bush was a married woman she was not liable as surety on this note. It appears however that even as to this note the bank had obtained judgment for $100 against Mrs. Bush so that even if she was entitled to make this showing under her pleading, the utmost that the proof disclosed was that the bank had credited $50 of her money to her husband's note on which she was surety.

Under her answer however she was entitled to make no showing of this kind since when a married woman signs an obligation her defense to a suit thereon that she is only a surety must be pleaded. Bogie et al. v. Nelson, 151 Ky. 443, 152 S. W. 250. Under the pleadings and proof, therefore, it should have been the judgment of the trial court that a balance of $272.60 was owing on the judgment against Mrs. Bush, together with the $21.50 costs. We might add that no defense was made by Mr. Bush.

The Farmers and Traders Bank filed its answer stating that it held the legal title to the land described in the petition under an agreement that it was to make a deed to Mrs. Bush for the land when payment therefor was completed; that a balance of $27 was due and owing the bank for which it had a first lien. Evidence introduced by the appellant bank showed that Mrs. Bush had made most of the payments on the land, a few of them having been made by Mr. Bush, but the testimony was specific that the agreement between the Farmers & Traders Bank and Mrs. Bush was that it would deed the land to her when all payments were made. As Mrs. Bush was the equitable owner of the land, the trial court was correct in dismissing the action as far as Mr. Bush was concerned. Appellant already had judgment against him and no further judgment need be, or could be, rendered.

It is apparent however that the trial court was in error in dismissing the action as far as Mrs. Bush was concerned. By the filing of the petition describing the land, the appellant was entitled to a lien thereon and the judgment should have been that the land be sold to satisfy this lien, the only question being whether or not the appellant had a lien prior to the lien which the intervening petitioner attempted to assert. (Judgment was rendered foreclosing the lien asserted by the inter-

vening petitioner as Mr. and Mrs. Bush interposed no defense to this claim.)

As indicated, it is doubtful that the intervening petition filed by the administratrix stated any cause of action in any circumstances, but certainly it failed to state facts sufficient to show a lien prior to the lien of the appellant. By the filing of the petition in an action on a return "no property found" and a description of the land in the petition, the appellant acquired a lien on the land. Civil Code of Practice, Section 442; Trabue v. Conners, 84 Ky. 283, 1 S. W. 470, 8 Ky. Law Rep. 288. As the intervening petition did not allege recording of the lien claimed by the administratrix, and in fact there could be no recording because it was not claimed by virtue of a writing, such alleged lien was not valid as against the lien acquired by the appellant. Section 496, Kentucky Statutes. Numerous cases are stated in the annotations to this section showing the invalidity of any such unrecorded lien as against the character of lien asserted herein by appellant. The trial court was therefore in error in adjudging the intervening petitioner a lien superior to that of the appellant. The judgment should have been that the bank had a first lien for the balance due it and that the appellant had the second lien which was superior to the lien asserted by the intervening petitioner.

Judgment reversed with directions to enter a judgment in conformity with this opinion.