# DECISIONS

# Court of Appeals of Kentucky.

## JANUARY TERM, 1904.

117 217
128 378

CASE 23—ACTION BY JESSE G. LOGSDEN AGAINST MRS. E. STERN FOR MALICIOUS PROSECUTION—JAN. 6, 1904.

## Logsdon v. Stern.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

HUSBAND AND WIFE—COMPETENCY AS WITNESSES—AGENCY.

Held: 1. Civil Code Prac., section 606, subd. 1, declaring husband and wife incompetent to testify for each other, except in an action for lost baggage, where "either or both may testify, and in an action which might have been brought by or against the wife, if she had been unmarried, where "either, but not both," may testify, was amended by adding the further exception that, when a husband or a wife is acting as agent for his or her consort, "either" of them may testify as to any matter connected with such agency. HELD that, when part of the facts connected with the agency are within the knowledge of one and part within the knowledge of the other exclusively, each may testify to the facts within his or her own knowledge, but both may not testify with reference to the same facts or matter.

HIRAM A. SHAW AND J. D. REED, FOR APPELLANT.

The question in this case is, can both a husband and wife testify in behalf, one of the other, in an action for or against

(217)

Logsden v. Stern.

either of them, where either has acted as the agent for the other?

Our contention is, that the statute allows "either" of them to testify as to any matter connected with such an agency, and that the word either can not be construed to include "both," and that after the wife had testified in her own behalf, the husband was not a competent to testify therein.

We admit that the husband, being the agent of his wife, was competent to testify for her relative to matters connected with his said agency, but that both can not testify in the same case, and it is a matter of choice between them as to which of them shall testify.

To hold that the words "either of them" mean "both of them" would be giving to the pronoun "either," a meaning which it never has, and which is not recognized by any standard or respectable lexicographer in the English language, and is a violation of the spirit as well as the letter of the law.

### AUTHORITIES.

Civil Code, sec. 606, Kentucky Statutes, 460; First Blackstone, p. 40; Bailey v. Com., 11 Bush, 688; F. L. & V. Turnpike Co. v. Com., 82 Ky., 390; Standard Dictionary, 20 Century Edition, Webster's Unabridged Dictionary.

LEIBER & LINCOLN, for appellee.

This suit being in relation to matters personal to the wife and which could have been brought against her if unmarried, she had clearly the right to testify. Her husband, acting as agent for her, had the right to testify as to any matters connected with the agency.

It is to be assumed that by the use of the word "either," the law intended to restrict the testimony in relation to matters coming within such an agency to such facts as might be known to one of the parties only, that is to say, that where part of the facts are within the knowledge of one and part in the knowledge of the other, exclusively, that each may testify to the facts within his or her own exclusive knowledge.

Opinion of the court by JUDGE NUNN—Affirming.

It appears from the record that appellee, Mrs. E. Stern, is the owner of a store in the city of Louisville, and that her husband, Jacob Stern, is the manager thereof, and that

some two or three years since either the appellant Jesse
G. Logsden, or his son, Tony Logsden, purchased of E.
Stern, her husband, Jacob, making the sale, a suit of clothes
at the price of $12.50.  Some time after the sale, the ap-
pellee, by her husband and manager, instituted a suit for the
balance of this account, to-wit, $6.50, against appellant,
Jesse G. Logsden, and obtained an attachment, and caused
the Continental Tobacco Company, for whom appellant was
laboring, to be summoned as garnishee.  The case was tried
in the justice's court, and appellee was defeated.  Then ap-
pellant instituted this action in the circuit court to recover
$1,500 damages for the malicious prosecution of this suit
in the justice's court without any probable cause.  The
theory of appellant was that the suit of clothes was sold
to Tony Logsden, and that he was in no way responsible
to appellee for same, while appellee contended that the
suit was sold to appellant for his son, Tony, and that he
assumed the payment of the purchase price.  On the trial
of this action many exceptions were taken by the parties,
but all were immaterial, and did not seriously prejudice the
rights of the parties except possibly one, and that was ap-
pellee introduced as a witness in her behalf her husband,
the manager of her store, after she had testified for herself.
The facts with reference to this matter were these:  Ap-
pellant introduced himself and son, Tony, both sustaining
appellant's contention that the clothes were not sold to or
on his behalf, but to the son, Tony.  Then appellant intro-
duced as a witness one Smith, who stated that, after the
clothes were sold, he was in the storeroom of appellee, Mrs.
E. Stern, and she asked him if he knew the Logsdens.  He
answered her that he knew the old gentleman very well
when they lived in Elizabethtown, Ky.; that he was a good
honest man; but that he did not know the young man very

well, as he was a mere boy at that time. Then Mrs. Stern said to him that she did not have anything against the old man, but that she had a claim against the boy, and it was as to him that she desired information. Appellee was then introduced as a witness, and denied having had any such conversation with Smith, or that she had ever seen Smith. Then her husband, Jacob Stern, her agent and manager, testified with reference to the sale of the clothes, and the institution and prosecution of the action in the magistrate's. court as the agent of appellee. To this testimony of Jacob Stern appellant objected and excepted.

The competency of this witness must be governed by the first subdivision of sec. 606 of the Civil Code Prac., which is as follows: "Neither a husband nor his wife shall testify, even after the cessation of their marriage, concerning any communication between them during marriage. Nor shall either of them testify against the other. Nor shall either of them testify for the other, except in an action for lost baggage or its value against a common carrier, an innkeeper or a wrongdoer, and in such action either or both of them may testify; and, except in action which might have been brought by or against the wife, if she had been unmarried, and in such actions either, but not both, of them may testify. [And except that when a husband or a wife is acting as agent for his or her consort, either of them may testify as to any matter connected with such an agency.]" The words in brackets added by act of February 23, 1898, (Acts 1898, p. 1, c. 1.). The result of the question under consideration depends on the meaning and construction of this amendment of 1898. Under the common law, as well as under the provision of the Code, husband and wife were and are prohibited from testifying for or against each other. But the Code makes exceptions to this rule. The first ex-

ception is as to lost baggage, and permits either or both to
testify; second, in actions which might have been brought
by or against the wife, if she had been unmarried.   In such
an action either, but not both, may testify.

The third and last exception is this amendment, which
permits either to testify as to any matter connected with
such an agency, when either has acted as the agent of the
other. in any transaction.   This amendment has never been
construed by this court.   It is a well-recognized rule in con-
struing a statute that the court should endeavor to ascer-
tain the meaning and intent of the General Assembly in
enacting the statute, and give it the construction and effect
intended.       When the General Assembly enacted this
amendment, it had before it the section of the Code
referred to, and the prior body in the case of lost
baggage had used the words "either or both," and in an
action by or against the wife with reference to her indi-
vidual rights used this language: "Either, but not both,
may testify." In this amendment the words  "either  of
them may testify" are used without adding the words "or
both," as in the first exception, or adding the words "but
not both," as used in the second exception, but did add
words significant of the meaning and intent of the legislative
will by adding these words, "as to any matter con-
nected with such an agency," it is to be assumed,
therefore, that by the use of the words "either may
testify" the law intended to restrict the testi-
mony in relation to matters coming within such facts as
might be known by one of the parties only.   Is it not more
reasonable to presume that the Legislature intended that,
when part of the facts are within the knowledge of one and
part within the knowledge of the other exclusively, each

may testify to the facts within his or her own knowledge, but that both can not testify with reference to the same facts or matter? To make the matter plain, suppose appellee had sold to appellant many articles of merchandise at different dates. Half of the articles had been sold and delivered by her, and the other half by her husband as her agent. She had no personal knowledge of the sales made by her husband, and he was likewise ignorant of the sales made by her, and she had sued appellant on the account, and he had controverted the claim. To construe this amendment to the Code as contended by appellant, she would lose one-half of her claim. Our construction is that she might testify as to the sales made by her and her agent as to the sales made by him, but, if both were present at the sale, only one could testify. The act of 1894 (Act 1894, p. 176, c. 76), commonly known as the "Weissinger Act," greatly enlarged the power of married women in respect to making contracts, the bringing of actions, and in the control of their property. The right to make contracts and to bring, prosecute, and defend actions in most cases would be a barren one unless accompanied by the right to give testimony in its support. In the case at bar unless the appellee had been permitted to testify in rebuttal of the testimony of Smith, she would have been helpless to protect herself and property.

The judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.