CASE 39.—ACTION BY MICHAEL MONAHAN AGAINST WILLIAM SCHWARTZ AND WIFE.—March 13.

## Monahan v. Schwartz

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

From the judgment plaintiff appeals—Reversed.

1. Witnesses — Competency — Husband and Wife — Agency.—In forcible detainer to recover premises leased by plaintiff's wife in his absence, there was no error in allowing her to testify as his agent to facts which she alone knew, and her husband to testify as to other facts within his exclusive knowledge.

2. Judgment—Parties—Judgment Against One of Several Co-Parties.—Where on appeal from a justice in forcible detainer against a husband and wife there was a discontinuance as to the wife, it was error to hold that the discontinuances made a new case, and that no recovery could be had as to the husband, though the evidence showed he was guilty.

3. Appeal—New Trial After Verdict and Judgment—Determination 'on Reversal.—Where a new 'trial is improperly granted after judgment, and the party aggrieved properly enters his exceptions and files a bill of .exceptions, he is entitled to have the case. reversed for such error, with directions to set aside the order and to re-enter the original judgment.

RAMSEY WASHINGTON for appellant.

## PROPOSITIONS AND CITATIONS.

1. A wife may testify for her husband, to facts, which she learned while acting as his agent, and are not within his knowledge. (Section 606, Ky. Code as amended by Act of February 23, 1898; Logsden v. Stern, 25 Ky. La. w Rep., 1649.)

2. Are forcible entry and detainer cases, upon appeal to the Circuit Court, tried de novo, and can the action be dismissed against one defendant without affecting the action against the other defendant. (Beauchamp v. Morris, 4 Bibb., 312; Section 465 and 134 Ky. Code; Atchley v. Latham, 3 Mar., 164 (1048); Swanson v. Smith, 25 Ky. Law Rep., 1260; Willis v. McNeal, 3 Ky. Law Rep., 411; Witt v. Willis, 85 S. W., 223; Hoffman v. Mann, 25 Ky. Law Rep., 255.)

E. W. HAWKINS, JR., and SAM E. ANDERSON for appellees.

We submit that:

Whether a new trial was properly granted in the first instance. the record shows that the appellee was entitled to a judgment upon the pleadings and this point may be presented for the first time even in the Court of Appeals; just as a general demurrer may be presented in this court.

## AUTHORITIES CITED.

Pearce v. Cooper, 9 Ky. Law Rep., 933 and ms. opinion therein; Powers v. Sutherland, 1 Duvall, 151; Code, sec. 465, Ed. 1906; Carrico v. McGee, 1 Dana, 6; Jeffers v. Simpson, 11 Ky. Law Rep., 328; Phoenix Insurance Co. v. McKernan, 100 Ky., 102; Ship's Admr. v. Suggett's Admr., 48 Ky., 8; Logsden v. Stern, 25 Rep., 1651.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

On March 20, 1905, Mrs. William Schwartz, the wife of appellee, went to the residence of appellant, Michael Monahan, for the purpose of renting a house belonging to him. The parties came to an agreement, and Mrs. Schwartz signed a contract commonly called a "landlord's lease," which provided that upon nonpayment of the rent for three days after it was due the lessee waived the 30 days' notice required by statute, and the landlord could at once take possession. The rent was not paid for the month beginning June 20, 1906, and the appellant sued out a writ of forcible detainer against both Schwartz and his wife, before a justice of the peace, in order to recover possession of the rented premises. The trial in the country was in favor of the landlord, and the tenants appealed to the circuit court. Judgment upon trial there was also in favor of the landlord. The tenants made a motion, and filed grounds for a new trial, which the court sustained. The landlord (appellant) excepted to the order of the court, and prepared, and the court signed and filed, a bill of exceptions. Afterwards, upon another trial in the circuit court, after plaintiff's (appellant's) evidence was in, the court, on motion of the defendant (appellee), awarded a peremptory instruction to the jury to find for him, which was done.

The view we have taken of this case makes it necessary that we should discuss alone the propriety of the court's order awarding the tenant (appellee) a new trial after the first judgment in the circuit court was entered. If the court was in error in awarding this new trial, then the original judgment in favor of the

landlord (appellant) will have to be re-entered when the case returns to the circuit court.

There were but two grounds for a new trial filed by the appellee which we deem necessary to notice here: First, that the court erred in allowing Mrs. Monahan to testify in favor of her husband, the latter also having testified in the case. Mrs. Monahan, as the agent of her husband (he being a working man and absent from home during the day), made the contract of lease with Mrs. Schwartz, the wife of the tenant; and it was therefore both necessary and proper, as she was acting as her husband's agent, that she should be allowed to testify in the matter as to facts which she alone knew. Her husband testified as to other facts which were alone within his knowledge. Both did not testify to the same facts. Under the principle announced in the case of Logsden v. Stern, 117 Ky. 217, 77 S. W. 927, the court did not err in permitting both Monahan and his wife to testify, as above stated. We do not deem it necessary to discuss this point further, as the opinion in the case cited authorizes the conclusion we have reached.

The real ground upon which the court granted the new trial was that the plaintiff did not present the same case on the traverse to the circuit court as was tried before the justice of the peace, and therefore it was concluded that he could not maintain his claim for possession at all. This view is based upon the following circumstances occurring in the case: The writ of forcible detainer was sued out against both Schwartz and his wife, and the judgment before the justice was that they were both guilty of the forcible detainer complained of. Upon the defendants traversing the finding of the justice, and appealing to the circuit court, the plaintiff discontinued the case as to

Mrs. Schwartz, and tried out the question of wrong-ful detainer only as to the husband, William Schwartz, with the result as before stated; and the real question for adjudication is whether or not the discontinuance of the case as to Mrs. Schwartz so changed the issue in the circuit court as to make it a new question from that which was tried before the justice.

The order of the trial court awarding the new trial was based upon the authority of Peace v. Cooper (Super. Ct.), 9 Ky. Law Rep. 933. In that case James L. Digby and John Cooper jointly sued out a writ of forcible entry against William Pearce and others. The trial in the country resulted in a verdict in favor of plaintiffs. The inquisition was traversed, and the case taken to the circuit court on appeal. After the trial in the circuit court had begun and a part of the evidence had been heard, an order was made on motion of the plaintiff, James L. Grigsby, that the action as to him be discontinued. The trial then proceeded in the name of John Cooper as plaintiff, with the result that upon trial before a jury in the circuit court a verdict was rendered in favor of plaintiff, and a judg-ment of restitution of the property awarded in his favor by the court. From that judgment Pearce ap-pealed to the superior court, and it was there held that the discontinuance of the case as to the joint plaintiff, Digby, so changed the attitude of the parties as to make a new case in the circuit court from that tried in the country, and the judgment was reversed, with directions to dismiss the action as to defendants. This authority is not conclusive of the question at bar. In the case cited the plaintiffs instituted proceedings for a forcible entry on property, the possession of which was alleged to have been jointly in the plain-tiffs, and the question tried in the country was

whether or not the defendants were guilty of a forcible entry upon the joint possession of the plaintiffs. When the case got to the circuit court, by the discontinuance as to one of the plaintiffs, the issue was changed, and was then whether or not the defendants had been guilty of a forcible entry upon the possession of Cooper alone, and this the superior court held was such a change in the issue as made a new case in the circuit court.

In the case at bar the landlord, Monahan, sued out a writ of forcible detainer charging a wrongful withholding from him, by two defendants, possession of the property involved; and the question was whether the defendants were wrongfully withholding the possession from him. Now it is said, because he could not prove that both of the alleged wrongdoers were guilty, but could prove that one of them was guilty, therefore he could obtain restitution from neither. Obviously there is a vast difference between a misjoinder of plaintiffs in a case such as that in the case cited and a mistake as to the guilt of both of the defendants as in the case at bar. The plaintiffs knew, and were bound to know, whether they jointly owned the premises for which they sued, or whether it was exclusively in one of them; and when they came into court alleging a joint ownership, and it subsequently turned out there was only a single ownership, there was good ground for the conclusion that this change made a new case. But it would be technical indeed to say that the plaintiff must at his peril be able to prove that all of the wrongdoers he sues are guilty, and if he charges several, he must prove his case as to all, to the satisfaction of the jury, and if he fails as to one, he loses as to all.

In the case of Atchley v. Latham, 3 A. K. Marsh.

164, the plaintiff sued out a writ of forcible entry and detainer for a house and a field surrounding it. The jury before the justice of the peace found the defendant in the warrant guilty as charged, and a judgment of restitution was entered. Upon the traverse to the circuit court the plaintiff in the warrant proved the defendant guilty of the forcible entry and detainer of the house, but failed to show him guilty of any entry in the field or adjoining land. Whereupon the traverser (the defendant in the warrant) moved the court to instruct the jury that, unless they found him guilty in toto, as was found by the former jury, they must find for him entirely, and that they could not find the inquisition true in part and false in part. This instruction was given, and the case was appealed to this court, where the judgment was reversed, and it was held in an opinion by Judge Mills that the fact that plaintiff could not prove all that he charged in the warrant did not bar his right to recover that which he did prove; in other words, because he could not prove the defendant guilty as to the field did not bar him from recovering as to the house, the evidence showing that the defendant was guilty of a forcible entry and detainer as to it. We quote from the opinion as pertinent to the question here: "Even in criminal cases, where life and liberty are involved, it never was held necessary that the government, to sustain the issue of not guilty, should prove the whole charge made to its full extent. If enough is proved to show a crime of the species charged, the issue is always adjudged to be supported. These principles may well apply to, and govern, this case. The plaintiff in the warrant, we conceive, out of caution, might charge more than he was able to prove, and recover restitution of that which he could prove. The jury below, having found

too much, might entitle the defendant to a correction of that excess in the circuit court; but it certainly never could entitle him to a finding in his favor as to the residue, so as to forever bar the recovery of that part, as to which he was indubitably guilty. Such a construction would place the remedy in question under such rigid rules as would frequently bar the plaintiff in the warrant, and cause him, because his proof did not reach the whole complaint, or because the jury before the justice of the peace, over whom he had no control, found inadvertently too much, to lose that to which both in law and conscience he was entitled.''

The right of the plaintiff to recover in the case at bar is even stronger than that of the plaintiff in the case above cited. He charged two with wrongfully detaining his house. He proved one guilty, and discontinued as to the other. It would be technical beyond even the rules or criminal law to hold that because he could not prove both of the defendants guilty therefore he could not recover as to the one he did prove guilty as charged in the warrant. As said in the opinion, it was never held under the criminal law that, if the government charged two with a crime, and failed as to one, the defendant who was proved guilty could not be punished.

Upon the authority of the case above cited, we conclude that the court erred in holding that the discontinuance of the writ as to Mrs. Schwartz made a new case, and that no recovery could be had as to William Schwartz, although the evidence showed he was guilty of the forcible detainer complained of.

The question as to whether or not the lease was changed by the plaintiffs without the consent or knowledge of the defendants in such a way as to destroy its efficacy as a contract was properly submitted to

the jury, and found adversely (as we think properly) to the defendant.

It results, therefore, that the court erred in granting the defendant, William Schwartz, a new trial after the first verdict and judgment, and the appellant having properly entered his exceptions and preserved his right to complain of this action by filing a bill of exceptions, he is entitled to have the case reversed for that error, with directions to set aside the order granting a new trial, and to re-enter the original judgment (Louisville & Nashville Railroad Co. v. Paynter's Admr., 82 S. W. 412, 26 Ky. Law Rep. 761); and it is so ordered.