## North River Insurance Company v. Dyche.

(Decided March 2, 1915.)

### Appeal from Laurel Circuit Court.

1. Insurance—Action on Policy—Evidence.—In an action to recover on a fire insurance policy, held that the verdict of the jury in favor of plaintiff was not flagrantly against the evidence.

2. Trial—Continuance—Absent Witness—Materiality of Testimony —Diligence.—In order to secure a continuance on the ground of

absent witnesses, it is necessary to show not only the materiality of the evidence relied on, but that due diligence was used to obtain it, and an affidavit which fails to show that a subpoena was issued for the absent witness and placed in the hands of the sheriff, does not establish due diligence.

3. Witnesses—Competency—Husband and Wife—Agency.—Where the husband is agent for the wife both may testify, but not as to the same facts; the wife may testify as to the facts within her knowledge, and the husband may testify as to the facts within his knowledge, but neither can supplement the testimony of the other with respect to facts within the other's knowledge.

4. Witnesses—Competency—Husband and Wife—Agency.—Where, in an action on a fire insurance policy, an inventory of the articles destroyed, prepared by the insured's husband as her agent, was read to the jury, held, that this was not prejudicial error, as supplementing the testimony of the wife as to the number, kind and value of the articles destroyed, where the court admonished the jury that the inventory was competent to show that an inventory was prepared and mailed to the company, and for no other purpose.

5. Evidence—Character—Time.—Evidence of the reputation of a witness at a former residence a year before the trial is sufficiently near in point of time to make it admissible.

6. Insurance—Fire—Ownership of Property—Provisions of Policy.—An insurance policy containing a provision that "this entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if the interest of the insured be other than that of unconditional and sole ownership," is not invalidated by the fact that the insured's husband had an interest in the property, where the policy also contains a provision insuring the household furniture, etc., "the property of the assured, or any member of family."

7. Insurance—Policy—Construction.—Where a policy of insurance is fairly susceptible of two constructions, it is the rule to adopt that construction that will sustain rather than defeat the policy.

MATTHEW WALTON and CLAY & BOREING for appellant.

SAM C. HARDIN and HAZELWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The North River Insurance Company issued to Mrs. Sarah Dyche a policy of insurance covering all the household, kitchen furniture, etc., belonging to the assured or any member of her family, contained in the Dyche boarding house on the south side of Fourth Street in London. On September 16, 1912, the property insured was destroyed by fire. Payment having been re-

fused, Mrs. Dyche brought this action to recover on the policy. In addition to denying all the allegations of the petition, the company pleaded that the property insured was intentionally destroyed by plaintiff or someone acting for her, and with her knowledge and consent. A trial before a jury resulted in a verdict for plaintiff for the full amount of the policy. Judgment was rendered accordingly and the company appeals.

It is unnecessary to consider the circumstances surrounding the fire, or the question whether or not the property was intentionally destroyed by plaintiff. The evidence on this question was conflicting, and it cannot be said that the finding of the jury is flagrantly against the evidence.

The first ground assigned for a reversal is the failure of the trial court to grant a continuance. A continuance was asked on the ground of the absence of Nellie Hurt. In order to secure a continuance it was necessary for the affidavit to show not only the materiality of the evidence relied on, but that due diligence had been used to obtain it. The affidavit did not show that any subpoena was ever issued for the absent witness and placed in the hands of the sheriff. That being true, due diligence in procuring the attendance of the witness was not shown. Louisville Ry. Co. v. Bryant, 142 Ky., 159; Louisville Ry. Co. v. Vessells' Admx., 159 Ky., 664.

It is next insisted that the court erred in permitting both Mrs. Dyche and her husband to testify. The proof shows that Dyche acted as agent for his wife in preparing an inventory of the property destroyed and mailing it to the company. He also prepared a copy of the inventory attached to the petition. The rule is that where the husband is agent for the wife both may testify, but not as to the same facts. The wife may testify as to the facts within her knowledge, and the husband may testify as to the facts connected with the agency within his knowledge, but neither can supplement the testimony of the other with respect to facts within the others knowledge. Civil Code, Sec. 606, Sub-section 1; Logsdon v. Stearn, 117 Ky., 217; Monahan v. Schwartz, 128 Ky., 375. The principal complaint in this case is that the inventory prepared by the husband was read to the jury, and thus the wife's testimony as to the number, kind and value of the articles destroyed was supple-

mented by the husband's. It appears, however, that the court subsequently admonished the jury that neither the inventory nor the copy was competent for, the purpose of showing what articles were destroyed, or the value thereof, but was only competent for the purpose of showing that the inventory was prepared and mailed to the company. He further directed the jury not to consider this evidence for any other purpose. In view of this direct admonition of the court, we conclude that the company was not prejudiced by the reading of the inventory.

Another error relied on is that the several witnesses for plaintiff were permitted to testify to the reputation of one of the company's witnesses while he lived in London in October, 1912. It is insisted that the testimony should have been confined to the witness's reputation at the time of the trial. As the trial took place about a year after the witness moved from London, we think the evidence of witness's reputation was sufficiently near in point of time to make it admissible. Davis v. Commonwealth, 95 Ky., 19, 23 S. W., 585, 44 A. S. R., 201.

Another contention of the company is that it was entitled to a peremptory instruction because plaintiff was not the sole and unconditional owner of the property destroyed. This contention is based on the following provision of the policy:

"This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if the interest of the insured be other than that of unconditional and sole ownership."

It is insisted that the evidence shows that plaintiff's husband had an interest in the property, and plaintiff was, therefore, not the sole and unconditional owner. It appears, however, that the policy contains the following provision with reference to the amount of the insurance and the property insured:

"$500.00, on household furniture, useful and ornamental, beds, bedding, linen, wearing apparel, plate, plated ware, chandeliers and gas fixtures, printed books and music, pictures, paintings and engravings, and their frames (at not exceeding cost price), bronzes, statuary, and other works of art, and objects of virtu, pianofortes and other musical instruments; scientific instruments, sewing machines, mirrors, watches, diamonds, and all other jewelry in use, fuel and family stores, tools, bi-

cycles, guns and other sporting implements and utensils, the property of the assured, or any member of family contained in the 'Dyche Boarding House on the south side of Fourth Street, 131 Sanborn's Map. London, Kentucky.''

It will be observed that the property insured is the household furniture, etc., the property of the insured or any member of her family. Clearly this is a case where the contract provides otherwise than that the policy shall be void if the interest of the insured be other than unconditional and sole ownership. In other words, the policy was clearly intended to cover all of the household and kitchen furniture, wearing apparel, etc., in the Dyche boarding house, whether it belonged to the insured or any member of her family. Where a policy of insurance is fairly susceptible of two constructions, it is the rule to adopt that construction that will sustain rather than defeat the policy. Mutual Ben. L. Ins. Co. v. First Nat. Bank, 24 K. L. R., 580, 69 S. W., 1; Continental Ins. Co. v. Daniel, 25 K. L. R., 1501, 78 S. W., 866.

As the purpose of the policy was to cover, not only the interest of the insured in the property in the boarding house, but the interest of every one of the family of the insured, we regard it as immaterial that some of the articles insured were owned jointly by members of the family. That Mrs. Dyche had an interest in the insured property there can be no doubt. It may be that her husband also had an interest. Being a member of the family of the insured, however, that fact did not invalidate the policy. It follows that a peremptory instruction was properly refused.

Other grounds for reversal are urged, but we deem it unnecessary to consider them at length. It is sufficient to say that we find no error in the record prejudicial to the substantial rights of the company.

Judgment affirmed.