NONA B. IUCHS, RESPONDENT, v. FARMERS MUTUAL FIRE INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals. May 21, 1928.

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, section 323, p. 259, n. 93; section 330, p. 264, n. 96.

*Montgomery, Rucker & Hayes* for appellant.

*F. A. Benz* and *Mark A. McGruder* for respondent.

WILLIAMS, C.—This case comes to us on appeal from the circuit court of Pettis county. The respondent has filed no brief. This is an action on a policy of fire insurance instituted by the plaintiff on the 24th day of February, 1926. The amount sought to be recovered was $500. The record discloses that plaintiff, Nona B. Iuchs, through her husband, Barney Iuchs, made application to the appellant company for a policy of fire insurance in the amount of $500, on the 31st day of July, 1925. There is no dispute that the respondent personally did not make application for the insurance, but applied through her husband who signed her name to the application, and she paid the premium. Thereafter, on the 5th day of September, fire destroyed the property. At the time the insurance

was issued and at the time of the fire, respondent and her husband were living in a rented house situated in Flat Creek township, Pettis county, Missouri. Before the policy upon which this suit was founded was issued and May, 1925, the husband, Barney Iuchs, made application for and secured from the Connecticut Fire Insurance Company a policy of fire insurance covering all of the property "belonging to the assured or assured's family," as recited in the policy, which policy also provided that the policy should be void "if the interest of the assured be other than unconditional and sole ownership." In the application in the present case this question was asked, "Is there any other insurance on this property." Answer, "no."

Appellant denied liability in the present suit because of the failure of the applicant to disclose the existence of the policy of insurance issued by the Connecticut Fire Insurance Company.

The court gave on behalf of the appellant the following instruction:

"If you find and believe from the evidence that the property covered by the policy of insurance sued on was also covered by the policy issued by the Connecticut Insurance Company to B. B. Iuchs, the husband of plaintiff, and that said policy in the Connecticut Company was in full force and effect at the time the policy was issued by the defendant company and if you further find that the defendant company 'was not notified of such policy at the time the application was made, then and in that event, your verdict must be for the defendant."

Respondent filed a motion for a new trial in which it was alleged that the giving of Instruction No. 1 was erroneous under the ruling of the Kansas City Court of Appeals in the case of Iuchs v. Ins. Co., 290 S. W. 456, and also that the verdict was against the weight of the evidence.

The trial court ordered a new trial for the reason that the giving of Instruction No. 1 was error and that the verdict was improper under the decision of the Kansas City Court of Appeals in the case of Iuchs v. Ins. Co., 290 S. W. 456, and because the verdict was against the weight of the evidence.

Timely steps were taken and the case is now before this court for determination.

This is a companion suit to the case of B. B. Iuchs v. Conn. Fire Insurance Company, 290 S. W. 456.

It is conceded by appellant that the court had a right to sustain a motion for a new trial on the ground that the verdict was against the weight of the evidence.

Appellant insists, however, that as the case may be tried again, this court should discuss the propriety of giving the instruction by

reason of which the new trial was sustained, and we will take appellant's view.

We recognize the rule that notice of additional insurance may properly be required. [Donald v. Mutual Ins. Co., 88 Mo. App. 666; Bezell v. Mutual Ins. Co., 214 Mo. App. 440.]

If appellant's statement that the Connecticut Fire Insurance Company issued a policy of insurance covering the property of assured's family is correct, the principle announced in the above cases would doubtless be the law. However, in the case of Iuchs v. Conn. Fire Ins. Co., supra, the court held that they would not give effect to that clause in the policy insuring the property of the family, as said clause was wholly inconsistent with unconditional ownership also required by the policy. The court applied the well known rule that the policy would be construed liberally in favor of the insured. [Iuchs v. Conn. Fire Ins. Co. of Hartford, 290 S. W. 456; North River Ins. Co. v. Dyche, 173 S. W. 784.]

In the case at bar the policy of insurance taken out by the husband of this plaintiff was introduced in evidence. However, we must read the policy in the light in which it was construed by this court, and when this court gave effect to the clause providing for unconditional ownership of the property and rejected the clause insuring the property of the family, it cannot now be properly contended that the policy in the Conn. Fire Insurance Company covered the property of the family. In Iuchs v. Conn. Fire Ins. Co. of Hartford, supra, the court held that the policy covered the property of the husband. The policy sued on in the case at bar covered the wife's property.

We think the giving of instruction No. 1 was error, and the court properly sustained the motion for a new trial.

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the Court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.