## Butler's Assignee et al. v. Butler's Administratrix.

(Decided December 18, 1928.)

J. SMITH HAYS for appellants.

TALBOTT & WHITLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Anderson Butler died in January, 1925, the owner of about 30 acres of land in Bourbon county, which he had mortgaged to the Federal Land Bank for $4,000 for borrowed money. The debt bore interest at 5½ per cent.; the interest was payable semiannually, $130 on March 1

and September 1 of each year. He left surviving him a son, Charles Butler, and the widow, Elizabeth Butler, who qualified as his personal representatives and filed a suit to settle his estate. In this suit Emma Butler, the wife of Charles Butler, filed her petition, in which she set up the above facts and alleged that she, through her husband, Charles Butler, paid the Land Bank the interest due on March 1, 1925, September 1, 1925, March 1, 1926, and September 1, 1926, in all amounting to $520, and that he, to induce her to make these payments, promised to secure an assignment without recourse to her from the Federal Land Bank for each of said installments, and at the time she made the payments she expected the bank to assign to her, without recourse, these portions of its indebtedness and lien, but that Charles Butler failed to do this, and obtained from the bank such transfers to himself, and on March 21, 1927, he assigned and transferred to her, by indorsement thereon, these transfers. By the writings signed by the bank, the bank assigned to Charles Butler without recourse so much of the indebtedness and the mortgage lien to secure it as the bank had, subject to the lien of the bank for the remainder of its debt, and by an appropriate indorsement on the writing Charles Butler assigned the writing to Emma Butler. She prayed that her lien be enforced, and that she be adjudged her money with interest.

An answer was filed, denying the allegations of the petition. The case came on for trial. On the trial Emma Butler introduced herself as a witness, and offered to prove by her the facts stated in her petition. The defendants objected to her testimony, on the ground that it all related to a transaction between her and her husband, and was incompetent under section 606 of the Code. The court sustained the objection and refused to allow her to testify to any of these facts, to which she excepted. She then introduced her husband as a witness for her, and offered to prove by him the same facts as to what had taken place between them, and also offered to prove by him all that he had done with the bank in carrying out the arrangement between him and his wife. Objection was made to this testimony and the objection was sustained, to which the plaintiff excepted. The court then gave judgment against Emma Butler, dismissing her petition, and she appeals.

Section 606 of the Civil Code provides:

"Neither a husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other. Nor shall either of them testify for the other, except in an action for lost baggage or its value against a common carrier, an innkeeper or a wrongdoer, and in such action either or both of them may testify; and except in actions which might have been brought by or against the wife, if she had been unmarried, and in such actions either, but not both, of them may testify. And except that when a husband or wife is acting as agent for his or her consort, either of them may testify as to any matter connected with such an agency."

The whole statute must be read together. While it provides that neither a husband nor a wife shall testify concerning any communication between them during marriage, this is followed by exceptions, and one exception is that in actions which might have been brought by or against the wife, if she had been unmarried, either, but not both, of them may testify, and, when a husband or wife is acting as agent for the other, either of them may testify as to any matter connected with such an agency. To give the statute any other construction would be to make the last clause practically meaningless, for ordinarily, where a husband or wife makes the other an agent, this is done in a transaction between them. They do not naturally call in witnesses to witness the agency. To require this would be to destroy the statute. In Walker v. Walker (Ky.) 114 S. W. 339, which was a similar case, the court said: "As this action could have been brought by Mrs. Walker if she had been unmarried, her husband was a competent witness for her, although both she and her husband could not testify."

Again in Rose v. Monarch, 150 Ky. 134, 150 S. W. 58, 42 L. R. A. (N. S.) 666, 667, where the wife was the plaintiff and introduced the husband as a witness for her, he having made the contract for the wife, the court said: "Richard Monarch was a competent witness for his wife. She did not testify. The action was one that might have been brought by her, if she had been unmarried, and in such a case the Code expressly provides that either, but

not both, of them may testify. Civil Code, sec. 606. He was also a competent witness on the ground of agency." To same effect Stix v. Calender, 155 Ky. 806, 160 S. W. 514.

In a case like this, either the wife or the husband may testify to the transaction between them, in which the husband was constituted the agent for the wife, but both of them may not testify to this. If the wife testifies as to what took place between her and her husband when she gave him the money, the husband may not then testify as to what took place between him and his wife at that time; but he may testify as to what he did with the money and upon what terms he paid it, and tell anything that he did as the agent of his wife not in her presence. North River Ins. Co. v. Dyche, 163 Ky. 271, 173 S. W. 784; Barr v. Gilmour, 204 Ky. 582, 265 S. W. 6.

It is earnestly insisted that on the facts the wife has no just claim against the estate; but this is a question that can be more intelligently decided after the evidence has been heard. She is entitled to be heard. The evidence excluded went to the gist of the case, and should have been admitted, as above indicated.

In the original statement of appeal, Emma Butler is the appellant, and the judgment appealed from is the judgment dismissing her petition. By an amended statement, filed some days later, Charles Butler was made a party appellant, and a judgment subsequently rendered, overruling his exceptions to the commissioner's report, was also named as one of the judgments appealed from. A motion has been entered to strike the amended statement. The motion must be sustained. Charles Butler was not a party to the appeal as originally taken. The judgment subsequently rendered against him was not a judgment against Emma Butler, the original appellant. If an appeal is to be taken from the second judgment, it should be taken as a separate appeal. It cannot be joined with the appeal of Emma Butler from the judgment dismissing her petition.

The appeal of Charles Butler from the second judgment is therefore dismissed without prejudice. On the appeal of Emma Butler from the judgment dismissing her petition, the judgment is reversed, and the cause remanded for a new trial and further proceedings consistent herewith.