## People's Bank v. Baker et al.

(Decided April 24, 1931.)

474

S. D. LEWIS and JOEL M. JONES for appellant.

C. C. WILLIAMS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

On December 30, 1925, Jennie Baker and her husband, J. W. Baker, executed to the People's Bank a note, due in eighteen months, for $1,986.53. The bank filed this action to recover on the note. Mrs. Baker by her answer pleaded that she was a married woman, the wife of her codefendant, J. W. Baker, at the time the note was executed; that she received no part of the consideration and was only the surety of her husband, J. W. Baker, in the note. The issues were made up and on final hearing the circuit court entered judgment in favor of Mrs. Baker and entered judgment in favor of the bank against J. W. Baker. The bank appeals.

Section 2127, Ky. Stats., provides:

"No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance."

The fact that Mrs. Baker's name was signed first to the note is not conclusive as to who was the principal in the note. The rule on the subject is thus stated in Hart v. Bank of Russellville, 127 Ky. 424, 105 S. W. 934, 935, 32 Ky. Law Rep. 338: "Ordinarily, it will be presumed that the name appearing first on a note as an

obligor is that of the principal debtor, but this presumption may be overthrown by the facts of the case, or the conduct of the parties themselves, and it is admissible for one, whose name appears first, or about that of another on the note, to prove that his relation to the obligation is nevertheless that of a surety, and this he may do by parol testimony. Lewis v. Harbin, 5 B. Mon., 564; Emmons v. Overton, 18 B. Mon. 648; First Nat. Bank of Covington v. Gaines; 87 Ky. 601, 9 S. W. 396 (10 Ky. Law Rep. 451); Skinner v. Lynn, 51 S. W. 167, 21 Ky. Law Rep. 185.'' To same effect, see Swearingen v. Tyler, 132 Ky. 459, 116 S. W. 331; Baskett v. Rudy, 186 Ky. 208, 217 S. W. 112, and cases cited.

Were the rule otherwise, the statute designed for the protection of married women would be denied proper effect, for few wives would refuse to sign first when requested to do so. The purpose of the statute is to protect wives from suretyship for others, and its operation will not be defeated by the form of the transaction.

The facts are these: Mrs. Baker had received an estate of about $4,000 from her former husband, and she owned the house in which her husband was running a store. He was also running a coal mine. He sold a lot of coal to a company in Cincinnati. They sent him acceptances. He borrowed money from the bank on the acceptances as collateral, and finally the Cincinnati company failed, leaving him in debt to the bank about $5,000. He reduced this note by payment from time to time, until February 28, 1924, when he executed a note to the bank for the balance then due, $2,850, and put the name of his wife, Jennie Baker, on the note with him. After this he went into bankruptcy, and Mrs. Baker and he, after he was discharged in bankruptcy, went to the bank and executed the renewal note here sued on; she says that she signed this note to keep her husband out of trouble; that she had not authorized him to sign her name to the former note, and that she did not know that it made any difference whether she put her name first or last. Mr. and Mrs. Baker both testified to these facts. There is no other material testimony in the case, except that of the cashier of the bank, and he does not contradict them on these facts. There was some evidence that in the years 1923 and 1924 the store and the house were given in on the one list as the property of Mr. and Mrs. Baker. But she testified expressly that she did not know anything

about this, that she had no interest in the store, and her husband testified that he gave in the lists on two separate pieces of paper and the officer afterwards combined the two lists on one sheet without his knowledge. The real estate was deeded. to Mrs. Baker, and there is no sufficient evidence in the record to overcome the positive testimony of her and her husband that she had no interest in the store.

It is insisted for the appellant that the testimony of J. W. Baker cannot be considered, as he was the husband of Jennie Baker; but no objection or exception was made in the circuit court, and this question cannot be made for the first time in this court. Besides the husband may testify for his wife as to facts not within her knowledge, although she testifies also in the case. Logsden v. Stern, 117 Ky. 217, 77 S. W. 927, 25 Ky. Law Rep. 1649; Rose v. Monarch, 150 Ky. 129, 150 S. W. 56, 42 L. R. A. (N. S.) 660, 667.

Reliance is also placed upon the fact that the sheriff in the attachment proceeding against Mrs. Baker recovered judgment against her for the above taxes. But the judgment in one case is not conclusive in a subsequent action between different parties. The bank was not a party to the attachment proceeding for the taxes, and if judgment had been rendered there in favor of Mrs. Baker it would not be competent here. It is equally incompetent when rendered there against her. The facts may not have been then presented.

It is also insisted that the husband having been discharged in bankruptcy, the bank no longer had a debt against the husband. But the promise of a bankrupt to pay a debt from which he has been discharged in bankruptcy is founded upon a sufficient consideration, and the note signed by the husband was binding upon him. Eckler v. Galbraith, 12 Bush 71; 13 R. C. L. p. 364.

The rule in cases like this is that in determining whether or not the contract is one of surety by the wife, the court will consider substance rather than the mere form of the contract. Bank of St. Helens v. Mann, 226 Ky. 381, 11 S. W. (2d) 144. Looking at the substance here, the court concludes that the note was clearly given for the debt of the husband. The rule of this court is not to disturb the finding of the chencellor on the facts where, on all the evidence, the mind is left in doubt as to the truth. Here the evidence sustains the finding of the

chancellor and there is in substance no evidence that Mrs. Baker was a partner with her husband in the store.

Judgment affirmed.