## Edwards v. Citizens Savings Bank of Paducah.

(Decided June 17, 1932.)

BEN S. ADAMS for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Citizens' Savings Bank of Paducah sued Mrs. Georgia Edwards on a note for $1,550 dated December 1, 1930, payable to it and executed by her. She defended on the ground that she was a married woman and the note was a renewal of a note which she had previously executed to the plaintiff as surety for her husband, A. G. Edwards. Subsequent pleadings completed the issues,

and on the trial of the case the jury returned a verdict in favor of the plaintiff.

It appears that the first note was for $3,100, was executed on September 19, 1921, and was signed by appellant as principal and by her husband, A. G. Edwards, as surety; $950 of United States government bonds owned by A. G. Edwards were attached to the note as collateral security. It was due 90 days after date and was renewed regularly thereafter. The government bonds were sold and the proceeds credited on the note and other payments were made from time to time which reduced the principal to $1,550. A. G. Edwards signed as surety every renewal note except the last one. On the day the first note was executed the bank entered on its books to appellant's credit, $3,052.88; that being the amount of the note less discount. On the same day she drew a check against this account for $3,052.88 in favor of the Gus Edwards Motor Sales Company and this check was paid by the bank on September 20, 1921. A. G. Edwards, husband of appellant, was then doing business as the Gus Edwards Motor Sales Company.

Appellant testified that she went to the bank with her husband and at his request on the day the first note was signed and met Mr. Rudy, the president of the bank, who wanted her to execute the note in order to pay off a loan which the bank had made to her husband or the Gus Edwards Motor Sales Company about three years before. She executed the note for that purpose and signed a check in the presence of Mr. Rudy payable to the Gus Edwards Motor Sales Company and delivered it to her husband. Mr. Rudy denied that such a conversation occurred, but testified that he made the loan to Mrs. Edwards without any knowledge as to what she intended to do with the proceeds of the note. Charles Gockel, cashier of the bank, testified that at the time the first note was executed A. G. Edwards had no account in the bank and neither he nor the Gus Edwards Motor Sales Company was indebted to the bank.

Mrs. Edwards offered her husband as a witness in her behalf and his testimony was heard out of the hearing of the jury. The court ruled that his testimony was not competent but that it might be treated as an avowal. He testified that on September 19, 1921, he was engaged in the automobile business under the name of the Gus Edwards Motor Sales Company and that he was then

indebted to the Citizens' Savings Bank in the sum of about $3,100, and that he had owed the bank this amount for about three years. He stated that Mr. Rudy told him that the directors of the bank had decided they did not want to carry his note any longer and that the bank would not renew it unless his wife signed the renewal note. He took his wife to the bank, executed the note dated September 19, 1921, and with the proceeds took up his note in the bank.

Section 2127 of the Kentucky Statutes provides that no part of a married woman's estate shall be subjected to the payment or satisfaction of any liability upon a contract made after marriage to answer for the debt, default, or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance. Under this section a married woman may borrow money just as a single woman, but she cannot become a surety and the courts will not permit an evasion of the statute of which the lender has knowledge. She may borrow money for the use of her husband, but if the transaction is merely a subterfuge to secure the payment of a debt of her husband to the lender, she will be treated as a surety and relieved from liability. Some of the cases in which section 2127 of the Statutes has been considered are: Allen v. Wireman, 243 Ky. 156, 47 S. W. (2d) 928; Simmons v. Maxey, 242 Ky. 728, 47 S. W. (2d) 530; Scott v. First National Bank, 221 Ky. 297, 298 S. W. 949; Bogie v. Nelson, 151 Ky. 443, 152 S. W. 250; Swearingen's Executor & Trustee v. Tyler, 132 Ky. 458, 116 S. W. 331; H. C. Hines & Co. v. Hays, 82 S. W. 1007, 26 Ky. Law Rep. 967.

In the instant case there was a conflict in the evidence. If the facts were as claimed by appellant she was merely a surety, but if the facts testified to by the officers of the bank are true she was the principal on the note and liable. The issue was sharply defined and was submitted to the jury in a proper instruction. The only question presented on this appeal is the correctness of the court's ruling in sustaining an objection to the testimony of appellant's husband, and the solution of this question depends upon whether or not her husband was a competent witness under section 606 of the Civil Code of Practice. That section provides that neither the husband nor his wife shall testify for the other except in certain

actions. The only exceptions to the general exclusions which are pertinent to this inquiry are as follows: (1) "Except in actions which might have been brought by or against the wife, if she had been unmarried, and in such actions either, but not both, of them may testify." (2) "And except that when a husband or wife is acting as agent for his or her consort, either of them may testify as to any matter connected with such an agency." Under the first exception either may testify, but not both, and where the wife is a party to an action and testifies her husband is precluded. She has her election either to testify herself or to use her husband as a witness, and if she elects to testify in her own behalf her husband is rendered incompetent as a witness for any purpose. Combs v. Roark, 206 Ky. 454, 267 S. W. 210; Petrie v. Winn, 187 Ky. 797, 220 S. W. 1072; Baskett, Nichols & Norment v. Rudy, 186 Ky. 208, 217 S. W. 112; Brady v. Equitable Trust Co., 178 Ky. 693, 199 S. W. 1082; Weber v. Lape, 145 Ky. 769, 141 S. W. 67; Walker's Assignees v. Walker (Ky.), 114 S. W. 338.

Under the second exception, when either spouse is acting as agent for the other each may testify as to facts of which the other has no knowledge, but both may not testify as to facts that occur when both are present. Butler's Assignee v. Butler's Administratrix, 227 Ky. 67, 11 S. W. (2d) 978; Leigh v. Citizens' Savings Bank, 102 S. W. 233, 31 Ky. Law Rep. 251; Logsden v. Stern, 117 Ky. 217, 77 S. W. 927, 25 Ky. Law Rep. 1649.

Appellant cites People's Bank v. Baker, 238 Ky. 473, 38 S. W. (2d) 225, in support of her contention that her husband was a competent witness. In that case no objection was made to the husband's testimony and it was held that the question could not be raised for the first time in this court, but it was further said that the husband may testify for his wife as to facts not within her knowledge although she testifies also in the case; but this statement was made in reference to a case in which the question of agency was involved as a reference to the cases cited in its support will disclose. Logsden v. Stern, supra, was cited, and the opinion in that case points out clearly the conditions under which both the husband and wife may testify.

In the instant case the husband, under the appellant's theory of the case, was not acting as her agent, but was acting for himself, and that being true, under the

authorities, supra, he was not a competent witness in his wife's behalf after she had testified. If it be conceded that he was acting as her agent in the matter, the agency did not begin until he took her to the bank to execute the note, and she testified as to all facts occurring thereafter of which her husband had knowledge.

The court did not err in refusing to permit A. G. Edwards to testify, and the judgment is accordingly affirmed.