## Wells v. Lockhart.

(Decided Feb. 8, 1935.)

(As Modified April 19, 1935.)

HARMAN, FRANCIS & HOBSON for appellant.

CHILDERS & BOWLES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In the late afternoon of a day in May, 1932, the automobile of the appellant and defendant below, R. G. Wells, while being operated on the Mayo Trail highway near Pikeville, Ky., collided with one being driven by the appellee and plaintiff below, D. C. Lockhart, and caused it to turn over, injuring plaintiff by breaking his left arm at or near the elbow joint and producing other scratches and bruises on different parts of his body. The healing of the arm left it slightly crooked and also weaker than it formerly was, and

which conditions the professional testimony proves will continue throughout his life. Defendant's automobile was at the time under the supervision and control of his infant son, Richard Wells, Jr., who was then in it, and was just 15 years and 11 months old. He had obtained it from his father's garage in Pikeville, located on his home premises, and, after it was so obtained by him, he picked up John Reynolds, another infant near his age. The two later obtained a girl companion, when they with her proceeded to "joyride" in and around the suburban territory of Pikeville. Before the collision with plaintiff, they took into the car an old woman whom they found walking on the Mayo Trail upon which they were traveling, and at the immediate time they claimed to have been taking her to what she said was her destination. Upon admitting her into the automobile, Reynolds, with the permission and consent of young Richard Wells, took charge of the wheel, and he was driving at the time of the accident complained of.

Plaintiff filed this action against appellant, his son Richard and Reynolds, to recover the damages he sustained from the accident which he charged were produced through the negligence of young Wells while using the automobile for his pleasure as a member of his father's family, and that the latter was also liable therefor under what is known in the law as the "family purpose" doctrine. The defense interposed by the answer of the father (appellant) was, in substance, that his son and codefendant procured the car on the involved occasion without his consent and operated it over his protest, and because of which he was not liable to plaintiff in any sum, howsoever negligent his son may have been, under the rule adopted and applied by us in the case of Sale v. Atkins, 206 Ky. 224, 267 S. W. 223. There was also a plea of contributory negligence, and a reply denying the affirmative allegations of the answer completed the issues. The trial thereof resulted in a verdict for plaintiff in the sum of $1,000, upon which judgment was rendered, and, apellant's motion for a new trial having been overruled, he prosecutes this appeal. No appeal is prosecuted for or on behalf of either of the infant defendants, and appellant, the only adult one, by his counsel argues in this court as grounds for reversal (1) that the court erred in overruling his motion for a peremptory instruction in his

favor, and (2) error in rejecting the offered testimony of Mrs. Wells, the wife of appellant, to the effect that she objected to Richard Wells procuring the car on the involved occasion, each of which will later be disposed of in the order named.

■ Appellant had owned an automobile for a considerable time prior to the occasion of the accident, but he had owned the particular car that his son obtained at that time for only about twelve months. He was engaged in the furniture business in Pikeville, which was located some six squares from his residence, and it, as he stated, was procured for "general family purposes." If young Wells had charge of the car at the time with the implied consent or tacit acquiescence of his father, the owner thereof, then under the doctrine applied by us in the case of Thixton v. Palmer, 210 Ky. 838, 276 S. W. 971, 44 A. L. R. 1379, and cases therein referred to, he (the father) would be liable for any negligence or injuries inflicted by his son while the car was being operated when in the possession of the latter and while under his control. Other cases to the same effect as the Thixton one are Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; Ulman v. Lindeman, 44 N. D. 36, 176 N. W. 25, 10 A. L. R. 1440; Boyd v. Close, 82 Colo. 150, 257 P. 1079; Schnebly v. Bryson, 158 Wash. 250, 290 P. 849; and also others cited in the annotation to the Thixton Case in 44 A. L. R. 1382.

It is also possible that under the same conditions the father would be liable because of his son operating the car, with such consent and knowledge on appellant's part, when he was under sixteen years of age and unaccompanied by the owner or other adult persons designated by him, under section 2739g-34 of the 1930 Edition of Carroll's Kentucky Statutes. In such circumstances liability of the appellant for the negligence of the infant operator of the car would no doubt attach, unless he was relieved therefrom by the fact that at the time of the accident the car was being driven by young Reynolds, who was eighteen years of age, and, therefore, not within the denunciation of the section of the statute. Appellant relies on that fact in defense of liability under that section; but whether or not it should be given that effect is not necessary for us to determine in this case, since we are convinced that the testimony

in the record develops a case embraced by the "family purpose" doctrine and is governed by the principles announced in the Thixton opinion, regardless of whether or not the operating member of the family was personally driving the automobile at the time or had delegated that task to another who was performing it in the presence of the member of the family who was actually using the car.

The Thixton Case approved the finding of the jury holding the parent or owner liable under the family purpose doctrine when a member of the parent's family was using the car for his pleasure and had turned the driving of it over to another whose carelessness produced the injuries sued for therein. The liability of the instant appellant, therefore, turns on whether or not his son was using his car, at the time plaintiff sustained his injuries, with the knowledge or consent of the parent, impliedly or tacitly given—and which brings us to a consideration of the first ground supra urged for a reversal of the judgment.

The appellant testified that he had on a number of occasions lectured his son, Richard Wells, against procuring the car and driving it alone, although he testified that his son had been driving one since he was 14 years of age, and was not only a good driver, but took a great delight in, and obtained much pleasure from, being so engaged. The father admitted that the son alone had driven the car from his home to the store on two or three occasions, but that he protested upon each of them against his doing so in the future. However, it was shown that the garage had no closing doors to it, and that the key of the automobile itself was kept on a table in the home of the residence where it was easily accessible to the son. The latter had driven the car on a number of occasions while one of his parents was present or some other adult person was in charge thereof. So much was expressly admitted by appellant, but he denied knowledge of any other occasion when his son was driving the car or that he ever expressly gave his consent thereto, and, if there was no other evidence in the case than what we have related, the argument of counsel that this case should be governed by the Sale one, supra, would be much more convincing.

However, a number of witnesses residing in Pikeville and adjacent thereto testified that on numerous

occasions they saw young Wells, with sometimes crowds of young people and sometimes alone, driving appellant's car promiscuously over the streets of Pikeville and on the public highways passing through that city, and that character of proof was of such a nature and the occasions so numerous as to authorize the inference that appellant as the owner of the automobile and as parent of his son acquiesced in such use by the latter, and we are not prepared to say that the verdict so finding was not sustained by the evidence, or that it was flagrantly against it. A reading of the record produces the strong conviction that the son with appellant's consent had access to the automobile for his individual pleasure and entertainment whenever he desired to so employ it and when it was not being otherwise used. It perhaps was and is true that appellant cautioned him in its use and may have on occasions expressed perfunctory objections thereto, but the outstanding fact remains that the son continued such use, else the disinterested witnesses who testified to that effect willfully falsified in giving their testimony. The distinction, therefore, between the facts of this case and those of the Sale one, is thus made apparent.

The negligence of the driver of appellant's automobile through and by which plaintiff sustained his injuries was proven beyond a reasonable doubt. Plaintiff was on his extreme right side of the highway upon which he was traveling. He was approached from the rear by appellant's car being driven by young Reynolds, who attempted to pass him on the left, but, as the passing car was about even with the Lockhart one, another car from the opposite direction approached, and it was so near the spot that a collision of the approaching car with the Wells automobile was eminent, and, to prevent it, the driver swerved to the right and bumped into the Lockhart car, with the results indicated. The road was practically straight ahead for a distance of from 700 to 1,000 feet, and the approaching car could easily have been seen before the attempt to pass Lockhart, had the slightest care been exercised. Moreover, Lockhart, besides being on his proper side of the highway, was traveling at a speed of only about twenty miles per hour, while the Wells automobile approaching it was traveling as fast as, or more than, thirty-five miles per hour, and did not check its speed in the attempt to pass Lockhart. Indeed, the negligence of the driver of the

Wells automobile is not questioned by counsel on this appeal. We therefore conclude that ground 1, argued for a reversal, is without merit.

■ During the taking of the testimony appellant introduced as a witness on his behalf his wife, Mrs. Wells, who stated that she was at the home of herself and husband, and with whom the son also resided, on the occasion in question, and that he came to the residence to obtain the car. She was asked what her reply was to his request and the court sustained an objection thereto, followed by an avowal that, ''She told him that he could not use the automobile and that he went back into the house and she did not see him again until after the accident.'' The court's ruling in refusing the avowal answer to be given by the wife is the foundation for ground 2, supra, and the case of People's Bank v. Baker, 238 Ky. 473, 38 S. W. (2d) 225, 226, and others referred to therein are relied on in support thereof. Those cited in that opinion are Logsden v. Stern, 117 Ky. 217, 77 S. W. 927, 25 Ky. Law Rep. 1649, and Rose v. Monarch, 150 Ky. 129, 150 S. W. 56, 42 L. R. A. (N. S.) 660, 667. We have carefully read each of them, and are unable to find wherein they sustain the right of Mrs. Wells to testify in this case. Of course, her testimony was rejected by the trial court under the provisions of section 606 of the Civil Code of Practice, denying the right of a spouse to testify for or against the other one, except in certain instances mentioned therein.

In the Logsden Case the wife was the party to the litigation and the testimony of her husband was admitted because at the time he was acting as her agent and which is within one of the exceptions contained in the section of the Code referred to. The same was true in the Monarch, as well as the Baker one, although in the latter the question was not presented because, as stated in the opinion, ''No objection or exception was made in the circuit court, and this question cannot be made for the first time in this court.'' So that, whatever else may have been said in that (Baker) opinion, it was and is dictum. The wife's offered testimony in this case was within none of the exceptions contained in section 606 of the Civil Code of Practice, supra, and the court did not err in rejecting her testimony. If, however, it were otherwise and her testimony for any raeson was wrongfully rejected, then we would not be inclined to reverse the judgment for that error alone,

since the same fact was proven by both the son and a painter, who was engaged in painting the Wells residence at the time, and no one contradicted it, except the painter testified that the objection of the mother to her son taking the car was solely because its brakes were out of repair, and not upon the ground that she forbade him to drive it.

The size of the verdict is not complained of, nor could such complaint be sustained if it had been made, and, since the evidence was sufficient to sustain the jury in finding that the driving of the car by the son was with the acquiescence of appellant, we find no reason for disturbing the verdict, and the judgment is accordingly affirmed.