Marshall G. HOLTHAUSER et al.,
Appellants,

v.

Corrine COX, Appellee.

Marshall G. HOLTHAUSER et al.,
Appellants,

v.

Eliza RAY, Appellee.

Court of Appeals of Kentucky.

May 20, 1955.

Ben T. Cooper, Mayer, Cooper & Kiel, Louisville, for Marshall G. Holthauser et al.

Julius Leibson, Louisville, for Corrine Cox and Eliza Ray.

McElwain, Dinning, Clarke & Winstead, and A. Shelby Winstead, Louisville, for Don M. Oliver et al.

WADDILL, Commissioner.

These consolidated actions arise out of an accident between two taxicabs, which occurred about 3:30 A.M., April 26, 1953, at the intersection of 26th and Lewis Streets, in the city of Louisville. M. E. Holthauser, the driver of the Checker Cab in which appellees were passengers, was operating his cab southwardly on 26th Street when it collided with the rear-end

of a Yellow Cab driven by D. M. Oliver, which was turning west off 26th Street onto Lewis Street. The appellees, Corrine Cox, age 59, and Eliza Ray, age 60, sustained personal injuries in the accident which caused them to file suits seeking damages against the Checker Cab Company and its driver, Holthauser, and the Louisville Taxicab and Transfer Company, the owner of the Yellow Cab, and its driver, D. M. Oliver.

At the conclusion of the evidence, the court directed a verdict in favor of the Louisville Taxicab and Transfer Company and the driver of its Yellow Cab, and instructed the jury to find in favor of·the appellees against the Checker Cab Company and Holthauser. The jury returned a verdict of $5,075 for Cox and $7,073 for Ray. The Checker Cab Company and Holthauser have appealed from the separate judgments entered against them, and the appellees have appealed from the judgment in favor of the Louisville Taxicab and Transfer Company and the operator of its cab.

The only witnesses to the accident were the appellees and the two cab drivers. The appellee Cox testified that she and Eliza Ray entered the Checker Cab on Breckenridge Street and while it was enroute on 26th Street it ran into the rear-end of a Yellow Cab. That was all she knew about the accident. The testimony of appellee Ray was to the same effect. D. M. Oliver, driver of the Yellow Cab, testified that the appellants' cab ran into the rear-end of his cab while both cabs were traveling south on 26th Street and in the process of making a right hand turn into Lewis Street, which forms a "T" intersection from the west. M. E. Holthauser, whose testimony was taken by the appellees by deposition, admitted that he ran his cab into the rear-end of the Yellow Cab, but attempted to excuse his negligence by saying that he did not see the Yellow Cab until he had run into it.

■ The first ground which appellants urge for reversal is that the court abused its discretion in not granting them a continuance when it was discovered that M. E. Holthauser was absent in disobedience of a subpoena which had been served on him. The answer to this contention is that appellants failed to file an affidavit in support of the motion to postpone the trial as·required by CR 43.03. This rule in pertinent part provides that if the motion to postpone the trial is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence. In the absence of a proper affidavit, the court was clearly correct in overruling this motion. See Clay, CR 43.03, author's comment.

■ It is next insisted that the verdicts are excessive. Appellee Ray suffered injuries to her face, back, and right knee. Her face was bruised, and a tooth which held a bridge in her mouth was knocked out. Her medical evidence shows that the lumbosacral area of her back was injured which requires her to use a back support, and, also, that her injured knee has not responded to treatment. Dr. Waldo Williams testified that he is treating Mrs. Ray's injuries and she is suffering with traumatic neuritis and has a permanent disabling condition in her right knee.

Appellee Cox's injuries consist of bruises and a dislocation of the clavicle at the junction of the sternum. Dr. Williams stated that the injury to her clavicle was both painful and permanent.

In view of the medical evidence, we do not believe that the damages awarded the appellees were excessive.

■ The appellants also urge that the court erred in directing a verdict against them and should have submitted the question of negligence to the jury. We need not pursue the argument advanced on this point because the evidence shows Holthauser was not keeping a lookout for other traffic on the street while operating his cab, which is a duty imposed upon him by law. Cody v. Nortof, Ky., 267 S.W.2d 403. The breach of this duty was admitted. Hence, in the absence of any proof of any other negligence on the part of the

parties involved, there was no issue of negligence for the jury.

The remaining contention is that the court erred in denying the appellants a new trial on the grounds of newly discovered evidence. The affidavits filed in support of this motion fail to show that appellants were diligent in their efforts to obtain the evidence prior to trial which they now assert was important to their defense of the actions. Gray v. Sawyer, Ky., 247 S.W.2d 496. Nor do we believe that if appellants had known of the facts contained in these affidavits prior to the trial it would have enabled appellants to have presented evidence at the trial of such character that could reasonably be calculated to have changed the verdict.

We have examined the grounds asserted on appellees' appeal against the Louisville Taxicab and Transfer Company and its driver, and they are without merit.

Wherefore, the judgments are affirmed.