**Lillie Mae WELLS, Appellant,**

**v.**

**Myrtle SALYER and F. C. Bryan (Administrator of the Estate of Amanda Salyer), Appellees.**

Court of Appeals of Kentucky.

March 27, 1970.

Marcus Mann, Salyersville, for appellant.

John C. Fogle, Mt. Sterling, for appellees.

REED, Judge.

This action involves two different wills executed by Amanda Salyer. The county court admitted to probate a holographic will of Amanda Salyer dated July 23, 1963. By the terms of this will, the testatrix's sister, Myrtle Salyer, was the sole beneficiary. A second will prepared by an attorney with proper recitations of acknowledgment and attestation and signed by Amanda Salyer and dated June 17, 1966, was refused probate by the county court on the ground that the testatrix lacked testamentary capacity at the time of its execution. By the terms of the second will the property of the testatrix was to be divided equally between Myrtle Salyer and the appellant, Lillie Mae Wells. A judgment of the county court incorporated the foregoing findings and this judgment was properly appealed to the circuit court. A trial was held and a jury found that the testatrix was "not of sound mind" on the occasion of the execution of the second will. A judgment was thereupon rendered that the paper dated June 17, 1966, was not the last will and testament of the testatrix and the appeal was dismissed. Lillie Mae Wells appeals here asserting errors in the trial in circuit court but we find no prejudicial error. Therefore, we affirm the judgment.

Amanda Salyer, a retired schoolteacher, lived with her elderly sister, Myrtle. They both were friendly with their cousin, Lillie Mae Wells, who ran a restaurant in the town to which the Salyer sisters moved after Amanda retired from active schoolteaching.

On June 15, 1966, Myrtle Salyer made a will leaving all of her property to her sister, Amanda, and to Lillie Mae Wells, as joint beneficiaries. This will was prepared by Honorable Henry H. Bramblet, an attorney of the Montgomery County bar, now deceased. It appears that two days later, after several visits and much urging from the two sisters, Mr. Bramblet reluctantly prepared and supervised the execution of a will for Amanda Salyer. By the terms of this instrument she left all of her estate to her sister, Myrtle, and to her cousin, Lillie Mae Wells, jointly.

Amanda Salyer's attending physician testified that on this occasion she lacked testamentary capacity by reason of progressive arteriosclerosis affecting her brain. His evaluation of her mental condition was corroborated in part by the testimony from a school teacher who had formerly lived in the same home with the testatrix prior to her retirement, a banker who had known the testatrix for some years, and a woman who had rented living quarters to the testatrix. Appellant and several lay witnesses introduced by her testified that the testatrix was capable of making an intelligent disposition of her estate on the occasion of the second will.

A jury issue was thus squarely presented and our review of the evidence convinces us that the jury's verdict was in accordance with the preponderance of the evidence of probative value.

■ Appellant, Lillie Mae Wells, contends that Myrtle Salyer actively participated in the preparation and execution of the second will and that she was, therefore,

estopped to contest its validity. It has uniformly been held that carrying on ordinary business transactions with a testator, or treating him as if he were competent to handle his own affairs, if not amounting to fraud or not causing other persons to act to their injury, does not estop one from contesting the testator's will for lack of testamentary capacity. See 28 A.L.R.2d 166.

■ In the instant case, if we regard Myrtle's position in the county court as equivalent to contesting the second will on the ground of lack of testamentary capacity, the record does not establish any conduct on Myrtle's part during the lifetime of her sister, Amanda, that could be characterized as fraud. Myrtle's conduct consisted merely of treating her sister as if she were competent to handle her own affairs. The evidence completely negates the possibility that appellant was caused to act to her injury in reliance on Myrtle's conduct. No contract or agreement, express or implied, between Amanda and Myrtle or between Myrtle and appellant was asserted or proved. Therefore, the necessary elements of estoppel are absent. It is well established that persons who are beneficiaries in a prior will have such an interest as entitles them to contest another alleged will of the same testator which would reduce their share in his estate. See 57 Am.Jur., Wills, Sec. 819, p. 552. Myrtle, therefore, had legal standing to contest the validity of the second will if she had chosen to do so.

■ The jury was instructed upon the issue of lack of testamentary capacity in a separate instruction. It specifically found that the testatrix "was not of sound mind as per instruction number 2." Instruction number 2 was a specific instruction confined solely to testamentary capacity. Although appellant asserts error because the court gave a separate instruction on undue influence, we need not determine whether the giving of such instruction was erroneous. The jury specifically made a finding

under an admittedly proper instruction. Since they did not find undue influence, appellant was not prejudiced. Moreover, we are by no means persuaded that the evidence was insufficient to warrant the instruction on undue influence.

■ Appellant's complaint directed toward the testimony of the witness Deloris Bashford has been considered. Some of the testimony to which appellant directs complaint was invited by cross-examination. The alleged objectionable statements consisted of the witness' observation of the testatrix's conduct when she visited attorney Bramblet's office where Mrs. Bashford was employed as a secretary. Part of the testimony concerning certain statements of attorney Bramblet might have been inadmissible but in view of all of the evidence in the case and the invitation extended by cross-examination to explain the attorney's conduct, we find no prejudicial error warranting a reversal by reason of this ground of error.

■ Appellant asked us to modify the transcript of evidence to reflect that her counsel complained to the trial judge concerning improper conduct involving the trial jurors. For purpose of disposition on this appeal, we will accept appellant's version of what transpired to be correct. It appears that appellant's counsel notified the trial judge that Mr. F. C. Bryan, an attorney of the Montgomery County bar who had been appointed the personal representative of Amanda Salyer's estate by virtue of the first will, and who was, therefore, a party litigant in these proceedings, held a short conversation in the courtroom with two of the trial jurors at a recess. Appellant's counsel stated that he did not assert the conversation was improper and in truth did not know the subject of the conversation. Attorney Bryan stated to the trial judge that he had no recollection of any conversation. Appellant's counsel then offered to point out the two jurors with whom the alleged conversation occurred. The

trial court overruled appellant's motion to discharge the jury.

In our view, there is simply nothing reviewable by appeal in this instance. Appellant's counsel did not attempt to secure permission to interrogate the jurors and the record is devoid of any showing that a conversation took place much less the subject of such alleged conversation. We, therefore, are faced with nothing other than an assertion by appellant's counsel that a short conversation about an unknown subject took place and a counterassertion that no such conversation could be recalled, but that, in any event, no improper subject was discussed. With the record in this posture, we have nothing to review. This alleged ground of error is also rejected.

■ Appellant objects to the testimony of Harold Reynolds. The basis of this objection is that Reynolds' name was not on a letter sent to appellant's counsel in response to a letter which requested names of witnesses. It appears that counsel for appellee responded fully to the request for the names of witnesses, but advised that investigation of the facts had not been completed and that additional witnesses might be presented at the trial. Mr. Reynolds' testimony was cumulative and no element of surprise or prejudice is presented.

■ Appellant's assertion that the trial court abused its discretion in refusing to grant a continuance of the case is clearly without merit. An agreed order entered on May 13, 1967, assigned the case for trial before a jury on September 26, 1967. Appellant's only counsel of record continuously and vigorously represented her in all proceedings. The ground of the continuance asserted on the day of trial was that another attorney though not of record had withdrawn from the case. Generally, when absent counsel has never entered an appearance of record and other competent counsel is present, there is no abuse of discretion in refusing to grant a continuance. An application for a continuance is addressed to the

**396**

sound discretion of the trial court and unless the discretion has been abused the action of that court will not be disturbed. Simpson v. Sexton, Ky., 311 S.W.2d 803. It appears to us that the trial court did not abuse the discretion vested in it.

■ The final argument advanced by appellant is that the manner and demeanor of the trial judge, though not appearing of record, prejudiced her case and influenced the jurors to return an improper verdict. We recently observed in Wolpert v. Louisville Gas and Electric Co., Ky., 451 S.W.2d 848 (rendered March 20, 1970), that if we are to have an appellate review at all it must be confined to the record. Our examination of the transcript of evidence satisfies us that the trial judge conducted the proceedings in a courteous and impartial manner. His rulings on the admission and exclusion of evidence favored appellant on more frequent occasions than it did the appellees. The record demonstrates conclusively that the trial judge conducted a fair and impartial trial.

■ The judgment establishes that the second will under which the sole claim of appellant is made was not the true last will and testament of the testatrix. Appellant bases her claim of interest solely on the fact that she is named a beneficiary in this second will. She has no interest that would entitle her to impeach the earlier will which was admitted to probate. The legal effect, therefore, of the circuit court judgment is to finalize the county court judgment in its entirety. Hence, the true last will and testament of the testatrix has been adjudicated to be the 1963 holographic will and the subsequent paper dated June 17, 1966, did not affect the validity of the true last will and testament of Amanda Salyer.

The judgment is affirmed.

All concur.