**T. J. HALL and Goldie Hall, Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

As Modified on Denial of Rehearing
June 7, 1974.

Clifford B. Latta, Latta, Damron & Fitz-
patrick, Prestonburg, for appellants.

Charles E. Skidmore, Dept. of Transp.,
Bureau of Highways, Lexington, for ap-
pellee.

JONES, Justice.

The appellants T. J. Hall and Goldie
Hall were awarded $45,000.00 by a jury as
compensation for the condemnation by the
Department of Highways of 2.89 acres of
land which fronted approximately 700 feet
on Old U.S. 23 in Floyd County. The en-
tire property before the taking by the De-
partment of Highways contained 4.21
acres. After the taking there were two
small tracts consisting of .91 acres and .41
acres, respectively, separated by New U.S.
23.

Before the taking by the Department of
Highways the appellants had improvements
consisting of a residence in an excellent
state of repair and a utility house which
contained a central water and gas system
serving the residence.

The appraisal witness for appellants tes-
tified that the value of the property before
the taking was $99,500.00, and that the val-
ue of the remainder was $19,500.00, a dif-
ference of $80,000.00. The witness for the
appellee testified that the value of the
property before the taking was $30,000.00,
and that the value of the remainder after
the taking was $8500.00, a difference of
$21,500.00.

The jury found the before value to be
$57,500.00, and the after value to be
$12,500, a difference of $45,000.00, which
amount was awarded to appellants.

The landowners appeal upon the grounds
that: (1) the trial court abused its discre-
tion in overruling their motion for a con-
tinuance because of the absence of one of
their appraisal witnesses; and (2) the trial
court erred by not excluding the testimony
of the Department of Highways witness
because he possessed insufficient knowl-
edge of the property being condemned.

On the morning of the trial the landowners learned that one of their appraisal witnesses would not be able to attend because of illness, and they promptly moved for a continuance. It was shown that several continuances had been granted previously, and that the witness in question had not been subpoenaed.

We have held, as is pointed out in the briefs of both appellants and the appellee, that the application for a continuance is addressed to the sound discretion of the trial court, and that the action of the court will not be disturbed unless this discretion has been abused. Wells v. Salyer, Ky., 452 S.W.2d 392 (1970).

As the appellants had failed to subpoena the absent witness, they could not file an affidavit with their motion for a continuance as required by CR 43.03. Holthauser v. Cox, Ky., 279 S.W.2d 744 (1955); North River Insurance Co. v. Dyche, 163 Ky. 271, 173 S.W. 784 (1915). It is quite evident that the trial court did not abuse its discretion in overruling the motion for a continuance.

Turning now to the second ground urged for reversal, the record reflects that the only basis for appellants' motion to exclude the testimony of appellee's appraisal witness was that he had not been in the house prior to the date of the taking. The appellants voluntarily stipulated that the witness was competent and qualified to make appraisals in Floyd County. The witness had been on the property as early as three or four years before the trial but not for appraisal purposes. He viewed the interior the day before the trial. He knew the condition of the property and the improvements from these observations. The house had been moved to another location, but there was nothing in the record to show what changes had been made.

Appellants' appraisal witness, as well as the witness for appellee, used the same comparable sale as a factor in arriving at their respective values.

This court held in Stewart v. Commonwealth, Ky., 337 S.W.2d 880 (1960), that the fact that an appraisal witness had not inspected houses used as comparable sales did not disqualify the witness when he was able to make comparisons of the properties inspected from an exterior view with the property taken by the Department of Highways. It is clear from the testimony of appellees' witness, whose qualifications were stipulated, that he knew the property and the external condition of the house. This fact, coupled with his inspection of the interior of the house prior to trial was indicative that the witness was familiar with the property.

The appellants have failed to show error on the part of the trial court on the grounds urged for reversal.

The judgment is affirmed.

All concur.