**H. B. LEWIS and Donna Sue Lewis, Appellants,**

v.

**Delbert LIMING and Martha Liming, Appellees.**

Court of Appeals of Kentucky.

Oct. 20, 1978.

Todd M. Ward, Jackson & Ward, Louisa, for appellants.

Gene A. Wilson, Thomas M. Smith, Louisa, for appellees.

Before HOGGE, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment entered pursuant to a jury verdict determining that a coal lease between the parties was null and void by virtue of alteration.

The appellees filed their complaint on February 13, 1976, to which answer was filed by appellants on March 3, 1976. On July 14, 1976, appellants took the depositions of Clete Ferguson and Boone Sloas with counsel for appellees present, but neither of appellees were in attendance. Witness, Ferguson, at the time of his testimony, listed his address as "Sandy Hook" while Sloas gave his residence as "Box 24, Isonville, Kentucky." Both of these communities are in Elliott County within forty miles of Louisa, Kentucky, the seat of the Lawrence Circuit Court, on Kentucky Highway 32.

On March 24, 1977, the judge of the Lawrence Circuit Court entered an order setting the trial for May 30, 1977, but for some unrevealed reason, the litigation did not take place until October 3, 1977. However, counsel for both parties must have anticipated an earlier trial to be held on March 28, 1977, and accordingly, had subpoenas issued for their witnesses including Ferguson, Sloas and his wife. The returns show all three as having been served on March 10, 1977, by the sheriff of Elliott County.

The trial lasted one day, namely, October 3, 1977, and sometime during the afternoon of that day, after appellants had introduced the testimony of all of their witnesses that were present, the following colloquy took place outside the hearing of the jury:

THEREUPON, at the Bench, out of Jury Hearing, Mr. Ward made motion to read depositions to the jury of witnesses, Ferbuson (sic) and Sloss, (sic) and Mr. Wilson said, "We would want to have the right to cross-examine any witness he put on the stand. He says in accordance with the rules of Civil Procedure, but there is no rule I know of in Civil Procedure where he can take the evidence of his own client when you have got a case for jury trial."

BY MR. WILSON: (continuing) I object because we don't have the right to cross-examine in front of the jury because when those were taken, it was immediately after the suit was filed, but I didn't know what his intentions were.

BY MR. WARD: It was in July, 1976.

BY MR. WILSON: And my clients were not there where I could consult with them and know what to come back and hit them on on cross-examination.

BY MR. WARD: The suit was filed in February.

BY MR. WILSON: You gave notice to take those depositions, and have a freaky way to move for summary judgment when a jury trial is demanded, and there is no civil rule I know of you can take a deposition and move like that. Now, he could take a deposition of my client on discovery.

BY THE COURT: This would be just the same as if they were doctors testifying.

BY MR. WILSON: But there is no rules in the Civil Rules to allow that. You can subpoena those people and get them in.

BY THE COURT: Doctors are not excluded. You don't have to take their deposition; if you want to force them in, I will force them in.

BY MR. WILSON: There is a civil rule that says doctors and lawyers, and if they live beyond twenty-five miles, that you can take them by deposition and read it in Court, or 200 miles.

BY THE COURT: No, it is 100 miles.

BY MR. WILSON: There are just lay people, and Mr. Ferguson is a resident of Lawrence County.

BY MR. WARD: He is in Elliott County.

BY MR. WILSON: I want to hear what he would say on direct in front of them.

BY MR. WARD: I move that the defense be allowed a continuance until tomorrow to obtain, see if we can obtain further witnesses that we have had summoned but for some reason they were unable to be here. We have had them subponaed (sic) for quite some time.

BY THE COURT: I suggested this morning you could have the process of the Court even to the point of attachments, and I don't believe you saw fit to get an attachment, so overruled.

We are urged to reverse upon the theory that the trial court erred in refusing to allow the introduction of the depositions of the absent witnesses or in the alternative, refusing to grant a continuance. CR 32.-01(c)(i).

The rule and its subsections upon which appellants rely state that depositions "may" be used "if" the court finds that the witnesses are at a point more than 100 miles from the place where the court is sitting. This type of rule is not new to this jurisdiction, for Section 554 of the Civil Code, in effect in 1918, contained a similar provision as today's CR 32.01(c) except the distance at that time was 20 miles. This was a modification of the common law which required the witness to present his evidence orally before the tribunal. *Dailey v. L & E Ry. Co.*, 180 Ky. 668, 203 S.W. 569 (1918). The former code section required that the several conditions under which a deposition may be introduced be in existence at the time of trial, but CR 26.04 (now CR 32.01) deleted that mandate, although *Juett v. Calhoun*, Ky., 405 S.W.2d 946, 949 (1966), would indicate that the situation as of the day of litigation is what must be considered in dealing with an absent witness.

In *Phelps Roofing Company v. Johnson*, Ky., 368 S.W.2d 320, 324 (1963), the court expressed the view that the trial judge should be allowed reasonable discretion in determining whether the conditions of the rule had been met and further subscribed to liberal interpretation of the rule. In this last cited opinion, the court suggested that the party seeking to employ a deposition offer some evidence of the missing witnesses' whereabouts such as an affidavit of counsel. The idea of offering some proof to support the absence of the witness in order to use his deposition is referred to as early as 1832 in *Gilly & Pryor v. Singleton*, 13 Ky. (3 Litt.) 250. As to the type of proof see 23 Am.Jur.2d *Depositions and Discovery* § 119 at 447 which agrees with the *Gilly & Pryor* case. See also 26A C.J.S. *Depositions* § 92(2)(c)aa at 440.

Having set forth the applicable principles, we now examine what transpired in the present appeal. By way of brief, appellants say that Ferguson was in Canada at the time of trial, but they told the trial court that "he is in Elliott County". No representation was made that he was out of the country, out of the state or more than 100 miles from the court. Moreover, the court had before it the record containing Fergu-

son's deposition which was taken in Lawrence County and reflected that he was a resident of Sandy Hook in adjoining Elliott County and had been so for two years. Prior to that, he had lived in Blaine, Lawrence County, most of his life.

Absolutely nothing was said to the court concerning the whereabouts of Sloas and his wife but, again, the record contained Frances Boone Sloas' deposition showing him to be a resident of Isonville, Elliott County, where he and his spouse had been served with a subpoena.

Sometime during the morning of the trial, the trial court offered appellants the assistance of "attachments," but it is apparent that they did not avail themselves of that procedure.

After over a half day of the trial before a jury, appellants requested a continuance in order to secure the testimony of the missing witnesses. There was no effort to comply with CR 43.03, in that the necessary affidavit was not filed. Even though subpoenas had been issued and served upon the Sloas couple for appearance on October 3, 1977, there is no showing that such process was requested for Ferguson. It is elementary that an application for a continuance is addressed to the sound discretion of the court and the action of the court will not be disturbed unless that discretion is abused. *Wells v. Salyer*, Ky., 452 S.W.2d 392 (1970). In view of the fact that there is nothing in the record to indicate if Ferguson responded to the subpoena issued for March 28, 1977, and that his appearance was recognized, and there being no process for him for the October 3, 1977 trial date, then appellants were precluded from filing an affidavit pursuant to CR 43.03. *Hall v. Commonwealth, Department of Highways*, Ky., 511 S.W.2d 204, 205 (1974). The trial court did not abuse its discretion.

The judgment is affirmed.

All concur.